Wash, J.,
delivered the opinion of the Court.
On the 5th of April, 1831, Townsend obtained a verdict and judgment against Finley, before a Justice of the Peace. Finley, without making the affidavit required by the 2d section of the act passed on the 18th day of January, 1831, entitled “ An act supplementary to an act establishing Justices’ Courts,” &c., p. 48, prayed an appeal from the judgment of the Justice of the Peace to the Circuit Court, which, upon his entering into a recognizance, was granted by the Justice. When the cause was called in the Circuit Court, the counsel for Townsend moved to dismiss the appeal for want of the affidavit, as directed in the act ot 1831, above cited, which was done accordingly.
Finley then moved the Court to reinstate the appeal, for reasons disclosed in an affidavit accompanying the notice. Which were in substance that at the time of taking the appeal, the act of Assembly requiring the affidavit had not been promulgated, and that Finley was entirely ignorant of the existence of the act. That the Justice of the Peace was a member of the Legislature by whom the act was passed, and granted the appeal without advising the appellant of the existence of the act, &c. The Circuit Court refused to reinstate the appeal, and Finley has applied to this Court for a mandamus to compel the Circuit Court to do so.
The act of the 18th of Jan., 1831, above cited, was to take effect and be in force from and after the passage thereof. No mode is prescribed in which the laws are to be promulgated. And in this case nothing is shown as to the time when the act in question was published or promulgated.
All persons are bound to know the law, and therefore it would seem improvident and unreasonable for the Legislature to give force and effect to laws by w'hich individuals might be barred of their rights or subjected to losses, before their existence, in the nature of things, could be known, and Courts of Justice would struggle against the hardship of such a case. The present however is not such an one. The fact that the Justice of the Peace before whom the cause was tried, had been a member of the Legislature by whom the act was passed, cannot operate to change the law of the case. It was not his province to advise the appellant in the steps proper to be taken in the prosecution of his cause, even if it could be considered a legal presumption that he knew the law from the fact of having been a member of the Legislature by whom it was enacted. The Circuit Court did right in dismissing the appeal, and the mandamus is therefore refused.