# WASHINGTON GREEN *et al.*, Respondents, v. CHARLES CASTELLO, Administrator, Appellant.

## St. Louis Court of Appeals, March 19, 1889.

1. **Practice, Appellate:** APPEAL FROM PROBATE COURT. The probate court rendered a judgment at its May term, 1886, against certain claimants, who thereupon filed their affidavits for an appeal to the circuit court. The papers, with a transcript of the record of the proceedings, were transmitted to the circuit court, but nothing appeared to show that any appeal bond had been filed, or that an appeal had been granted by the probate court. In November, 1886, the circuit court made an order sustaining a motion to dismiss the appeal, unless an appeal bond should be filed on or before March 2, 1887, in which event the motion should be considered as overruled. The bond was presented and approved on March 1, 1887. At the August term, 1887, of the probate court, a report and certificate from the probate judge were entered of record, showing that he had in vacation, since the last term, allowed an appeal to the circuit court. At the May term, 1888, of the circuit court, the cause was heard and determined. *Held*: No appeal was ever properly allowed or taken from the probate to the circuit court, and the circuit court, therefore, never acquired any jurisdiction of the cause.

2. **Appeals:** JURISDICTION. In all cases of appeals from one court to another, it is essential to the jurisdiction of the appellate court, that the appeal was taken within the time and in the manner prescribed by law. Neither the fact that the appellate court would have had original jurisdiction over the same cause, nor the fact that the plaintiff sued as a poor person, can make any different application of the rule.

3. **Practice, Appellate:** STIPULATION AFTER DECISION. A stipulation of fact, filed after the hearing and determination of the cause, cannot be considered on a motion for rehearing. The adjudication must be controlled by the record as first submitted.

*Appeal from the St. Louis County Circuit Court.*
HON. WILLIAM W. EDWARDS, Judge.

REVERSED AND REMANDED.

*George W. Royse*, for the appellant.

As a matter of law the court erred in not dismissing
the appeal in each case. No appeal was ever granted by
the probate court until June 2, 1887, nearly one year
after the final disposition of cases in that court, and
there is no record or evidence to show that any appeal
was granted on August 9, 1886, by said court, and the
filing of the appeal bonds on March 1, 1887, did not
perfect an appeal, and said court never certified to an
appeal having been granted by it, until after the filing
of appeal bonds in the circuit court on March 1, 1887.

*John R. Warfield*, for the respondents.

Defendant's motion to dismiss the appeal, in the
circuit court, for want of proper appeal bond, was, upon
the filling of said bond in the circuit court, properly
overruled. The original transcript filed in the circuit
court failed to state the time and manner of taking the
appeal in the probate court, or the giving of the appeal
bond. These defects or omissions were subsequently
corrected by the filing of the proper appeal bond in each
of the appealed cases in the circuit conrt, and by the
filing of the further certificate of the probate judge,
containing a transcript of the record in his court, from
which it appears that in the previous vacation of the
court, " and within the time prescribed by law,"
appeals were duly allowed in both cases, and that on
August 9, being the first day of the following August
term, the said proceedings in the granting of the appeals
were by the court approved. These defects or omissions

in the "proceedings" were properly corrected in the circuit court. R. S. 1879, secs. 3569, 3579, 3580, 3583, 3586; *In re Whitcom Estate*, 89 Mo. 58; R. S. 1879, sec. 299. There is nothing to show at what time the May term, 1886, of the probate court was closed, but the certified transcript of the record entry of August 9, 1886, to-wit: " Now comes the judge of this court and reports to the court that he has, in vacation since the last term thereof and within the time prescribed by law, allowed appeals from the judgment of the court in the following described causes, whereupon the court orders that the proceedings of the judge aforesaid be and they are hereby approved." In the absence of any other record, it is conclusive upon these points. And the presumption is, not only that the appeals were taken within time, but that every legal requirement was observed to make them complete and effective. *Gates v. Tusten,* 89 Mo. 13.

THOMPSON, J., delivered the opinion of the court.

Washington Green filed in the probate court an account against the estate of Henry Clarkson, etc., claiming the sum of twenty-seven hundred dollars for boarding and lodging the deceased from October 1, 1865, to October 1, 1883, at one hundred and fifty dollars per year. Matilda Green, wife of Washington Green, also filed in the probate court, for allowance against the estate of Henry Clarkson, deceased, a claim for four hundred and twenty dollars, for washing, ironing and mending the clothes of the deceased from October 1, 1865, to October 1, 1883. The probate court, at its May term, 1886, rejected both of these claims. On the thirteenth of July, 1886, and during the May term of the probate court, the counsel for the respective claimants made and filed an affidavit for appeal in their

behalf in each case. On the nineteenth day of July, 1886, the probate judge transmitted the papers to the circuit court, together with a transcript of his proceedings. The papers and transcript thus transmitted by the probate court to the circuit court did not show that any appeal bond had been filed by the respective claimants, or that an appeal had been granted by the probate court. Thereafter, at the November term, 1886, of the circuit court, an entry of record was made sustaining a motion to dismiss the appeal from the probate court, unless an appeal bond should be given on or before the second day of March, 1887, which bond, by consent of the defendant's counsel, was to be approved by the clerk in vacation. The order further recited, that "should said bond for appeal be filed within said time and approved as aforesaid, then and in that event said motion to dismiss appeal is to be considered as overruled." The order concluded with the following entry : "Motion to strike from docket withdrawn by leave of court. Case continued." The next entry in the transcript contains this recital of the clerk of the circuit court : " And thereafter, in vacation of said circuit court, and on the first day of March, 1887, the said plaintiffs, Washington Green and Matilda Green, appellants in said causes, presented their respective appeal bonds, as required by the aforesaid order of the court, to the clerk of said court, and were by said clerk duly approved and filed." But there was as yet no record evidence in the circuit court that an appeal had been granted by the probate court, as required by section 297, Revised Statutes. An attempt was made to supply the want of such evidence, at the May term, 1887, of the circuit court, and on the second day of June, 1887, on which date the following certificate of the probate court was filed in the office of the circuit court clerk :

"STATE OF MISSOURI,

"COUNTY OF ST. LOUIS.

"In the Probate Court of said county, August Term, 1886.

"*Order of Probate Court.*"

On the ninth day of August, 1886, the following, among other proceedings, were had, viz. :

"Now comes the judge of this court and reports to this court that he has in vacation, since the last term thereof, and within the time prescribed by law, allowed appeals from the judgment of the court in the following described causes ; whereupon the court orders that the proceedings of the judge aforesaid be, and they are, hereby approved, to-wit : Washington Green *vs*. Charles Castello, late public administrator in charge of the estate of Henry Clarkson, Matilda Green and Washington Green, Appellants, *vs*. Charles Castello, late public administrator in charge of the estate of Henry Clarkson."

Then follows a formal certificate of the probate judge, certifying the above to be a true copy of proceedings in the probate court, as the same appear of record.

At the May term, 1888, the cause came on for trial a second time in the circuit court, and the defendants objected to the introduction of any proof whatever, on the ground of want of jurisdiction in the circuit court, and on the ground that no appeal had ever been perfected in the probate court within the time prescribed by law, wherefore the circuit court had acquired no jurisdiction over the subject-matter of the proceedings. The circuit court overruled this objection, and a trial before the jury ensued in the two causes ( which, for the purposes of the trial in the circuit court, were consolidated by a stipulation of the parties ), which resulted in a verdict and judgment in favor of the claimant, Washington Green, in the sum of six hundred dollars, and in

favor of the claimant Matilda Green, in the sum of one hundred and twenty dollars. From this judgment the public administrator, in charge of the estate of the deceased, appeals to this court.

The statutes providing for appeals from the probate court to the circuit court recite as follows : "All appeals shall be taken during the term at which the decision complained of is made, or within ten days thereafter." R. S., sec. 293. "The applicant for such appeal, his agent or attorney, shall file an affidavit that the appeal is not taken for the purpose of vexation or delay, but because the affiant believes that the appellant is aggrieved by the decision of the court." R. S., sec. 294. "Every such appellant shall file in the court the bond of himself, or some other person, in a sum and with security approved by the court, conditioned that he will prosecute the appeal, and pay all debts, damages and costs that may be adjudged against him." R. S., sec. 295. "When an appeal shall be taken in vacation, the affidavit and bond herein required shall be filed in the office of the clerk of said court, and shall be subject to the approval of the judge or clerk." R. S., sec. 296. "After such affidavit and bond have been filed and approved, the appeal shall be granted, but shall not be a *supersedeas* in any other matter relating to the administration of the estate, except that from which the appeal is specially taken." R. S., sec. 297. "When such appeal is taken, the clerk shall transmit to the clerk of the circuit court a certified transcript of the record and proceedings relating to the case, together with the original papers in his office relating thereto." R. S., sec. 298. "Upon the filing of such transcript and papers in the office of the clerk of the circuit court, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the proceedings of the probate court." R. S., sec. 299.

In determining the question whether the circuit court acquired any jurisdiction in this case by reason of an appeal having been granted by the probate court in compliance with the foregoing statutory conditions, the language of section 297 must not be *overlooked;* "*After such affidavit and bond have been filed and approved,* the appeal shall be granted." No bond was ever filed and approved in the probate court, so far as appears, either before or after the granting of the appeal. This clause relates back to the preceding three sections which refer to the conditions on which appeals are granted, and to the manner of taking them, both in term time and in vacation. The appeal can only be granted within term time or within ten days thereafter. There must be an affidavit for an appeal, containing certain recitals. There must also be a bond for an appeal, approved by the court when the appeal is taken in term time, and by the judge or clerk when the appeal is taken in vacation. And then, "after such affidavit and bond have been filed and approved, the appeal shall be granted."

The statute relating to appeals to the circuit court from justices of the peace, provides that "no appeal allowed by a justice shall be dismissed for want of an affidavit or recognizance, or because the affidavit or recognizance made or given is defective or insufficient, if the appellant, or some person for him will, before the motion to dismiss is determined, file in the appellate court the affidavit required, or enter into such recognizance as he ought to have entered into before the allowance of the appeal, and pay all costs that shall be incurred by reason of such defects or omission, with respect to such affidavit or recognizance." R. S., sec. 3053. But we can find no such statutory provision in the case of appeals from the probate court to the circuit court.

Prior to the enacting of the statutory provision last quoted it was ruled in this state, in appeals from

justices of the peace to the circuit court, that where no affidavit had been filed or bond given in the justice's court prior to the granting of the appeal, it was the duty of the circuit court to dismiss the appeal. *Filley v. Walls*, 4 Mo. 271 ; *Townsend v. Finley*, 3 Mo. 288. See also *Jamison v. Yates*, 7 Mo. 571. In the absence of any provision applicable to appeals from probate courts to the circuit court similar to that which is embodied in section 3053, Revised Statutes, we must apply to such appeals the rule which the supreme court applied to appeals from justices of the peace prior to the enacting of that statute.

It remains to be considered whether this question has been raised upon the record in such a manner as to bring it before us for review. No bill of exceptions was taken to the refusal of the circuit court to dismiss the appeal ; but when the cause was called for trial the objection was raised, as already stated, and it was renewed in a motion in arrest of judgment. If the question is a jurisdictional question, it is clear that it is properly presented for our consideration ; and it would be our duty to take notice of it without its being presented at all, since our own jurisdiction is derived through that of the circuit court, and if the circuit court had no jurisdiction of the appeal from the probate court, we have no jurisdiction to review the action of the circuit court on the merits. In all classes of appeals from one court to another it is a fundamental principle that it is essential to the jurisdiction of the appellate court that the appeal was taken within the time and in the manner prescribed by law, and that, where it is not so taken, the appellate court has no jurisdiction to proceed to an examination of the merits, but must strike the cause from its docket where there are no statutory directions to do otherwise, or dismiss the appeal, or affirm the judgment, where there is a statutory direction to take this course. This court has held

that an appeal not taken in time from a justice of the peace will confer no jurisdiction on the circuit court, though both parties appear for trial. *Moore v. Minkler*, 3 Mo. App. 596. And see *Robinson v. Walker*, 45 Mo. 117, 120.

The judgment of the circuit court will be reversed and the cause remanded, with directions to dismiss the appeal from the probate court.

ROMBAUER, P. J., delivered the opinion of the court on motion for rehearing.

Since filing the opinion, the parties have stipulated herein to the effect that the plaintiffs were authorized to prosecute their suit as poor persons in the probate court. This fact is of no avail to the mover. The question on a motion for rehearing is whether the court rendered a correct judgment on the record then before it, and not whether its judgment is correct on a record subsequently attempted to be made. We may add, however, that leave to prosecute, as a poor person, can in no case dispense with the necessity of giving bond, where the duty of giving bond is statutory. The court cannot dispense with the statute.

That the circuit court could have exercised original jurisdiction in this case does not enlarge its appellate jurisdiction. In the latter case, *the appeal* is the subject-matter, and not the matter in controversy between the parties. As was said in *Robinson v. Walker*, 45 Mo. 117, " The circuit court has no jurisdiction of a matter already decided on in another court, unless it is brought into court under the statute and according to its provisions."

The justice act of 1835 required no affidavit of appeal, but did require a recognizance, and provided that such recognizance might be given in the circuit court, if not given before the justice. The act of 1839 required an affidavit for the first time, and it was not

provided until 1841, that such affidavit might be made or amended in the circuit court. In the interval between 1839 and 1841, the court held that the provision, in regard to recognizances, should be applied to affidavits, and it is in regard to this that Judge SCOTT says, in *Jamison v. Yates*, 7 Mo. 571, "A proper construction of that statute authorizes the circuit court to permit a party to file an affidavit after a motion to dismiss is made."

Owing to the evident hardship of the plaintiffs' case, we have given to every point, made in their motion, very careful consideration, and regret that we must abide by our original decision.

All the judges concur.