Spencer v. Beasley.

---

W. O. B. SPENCER, Respondent, v. G. W. BEASLEY, Appellant.

### Kansas City Court of Appeals, February 8, 1892.

Justices' Courts: APPEAL: SUFFICIENT AFFIDAVIT. An affidavit for an appeal from a justices' court, which fails to state whether the appeal is from the merits or from an order or judgment taxing costs. is insufficient, and, if not amended, the appeal should be dismissed.

*Appeal from the Jasper Circuit Court.*—HON. M. G. MCGREGOR, Judge.

REVERSED AND REMANDED.

*Gray & Young,* for appellant.

The court erred in overruling defendant's motion to dismiss appeal. The affidavit for the appeal is insufficient. Section 6330, Revised Statutes, requires the affiant to state in his affidavit for appeal, "whether such appeal is taken from the merits or from an order on judgment taxing costs." The affidavit being insufficient by reason of the absence of such statement, and the plaintiff failing to file a sufficient affidavit before the motion to dismiss was determined, the court should have dismissed the appeal. R. S. 1889, sec. 6340; *State v. Thompson,* 81 Mo. 163.

No brief for respondent.

SMITH, P. J.— This was an action commenced before a justice of the peace, based on section 4588, Revised Statutes, 1889, and in which there was an appeal taken by the plaintiff to the circuit court where he had judgment. The affidavit for the appeal was made in conformity to section 3043, Revised Statutes, 1879.

Section 6330, of the Revised Statutes, 1889, amended section 3043 by adding thereto these words, "and stating whether such appeal is from the merits or from an order or judgment taxing costs." The statement required by the amendment was omitted from the affidavit for the appeal.

The defendant filed a motion in the circuit court to dismiss the appeal on the ground of the insufficiency of the affidavit therefor, which motion was by the court overruled.

Pending the motion to dismiss the appeal, the plaintiff might have under section 6340 of the statute obviated the objection by filing such an affidavit as was required by section 6330, but instead of taking that course he elected to stand upon the affidavit as made. The affidavit is defective in an essential particular.

We know of no authority or reason which would justify us in declaring this plain statutory provision inoperative. On the contrary it seems to us that it is our plain duty to give it effect. The statement required by the amendment is one of the fundamental conditions upon which an appeal is authorized. It can no more be omitted than the other essentials required by the statute to be contained in the affidavit for an appeal. Under this statute as amended the appellee has the right to be advised by the affidavit, whether the appeal is from the merits or from an order or judgment taxing the costs. In the absence of this notice appellee may subpoena a great number of witnesses to maintain the issue in his behalf in a trial *de novo*, and when the case

is called in the appellate court, he ascertains for the first time that the appeal is only from an order or judgment in respect to taxing costs and not from the merits. To avoid the heedless inconvenience and expense resulting in such cases the statute was no doubt enacted. We think the circuit court erred in its refusal to dismiss the appeal.

The other questions suggested by the appellant in the view which we have taken of the case need not be noticed.

It follows that the judgment of the circuit court must be reversed and cause remanded, with directions to dismiss the appeal.