JOHN W. V. WHITEHEAD, Respondent, v. COLE & RODGERS, Appellants.

Kansas City Court of Appeals, April 25, 1892.

1. **Justices' Courts:** APPEAL: AFFIDAVIT: JURISDICTION. Section 6330, Revised Statutes, 1889, requires the affidavit of appeal from a justice's court to state whether the appeal is from the merits or from an order or judgment taxing costs, and, unless it so states, it is insufficient to confer jurisdiction on the circuit court.

2. **Appeals:** JURISDICTION. In every case of appeal it is essential to the jurisdiction of the appellate court that the appeal be taken in the manner prescribed by law, otherwise the appellate court has no jurisdiction to examine the merits.

*Appeal from Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED.

*F. S. Winn*, for appellant.

As to the second ground alleged in the motion in arrest we wish to call the attention of the court to section 6330, Revised Statutes of Missouri, 1889.

*J. W. V. Whitehead*, for respondent.

Smith, P. J.—This was an action of replevin brought before a justice of the peace, where the defendants had judgment, and the plaintiff filed an affidavit for an appeal to the circuit court, in conformity to the requirements of section 3043, Revised Statutes, 1879. This affidavit was made on the twentieth day of June, 1890, and, therefore, after Revised Statutes, 1889, went into effect.

Section 6330 of the last-named revision requires that the affidavit, in addition to what was required by 3043, Revised Statutes, 1879, shall further state *"whether such appeal is from the merits, or from an order or judgment taxing costs."* On account of this omission and imperfection in the affidavit, according to our ruling in *Spencer v. Beasley*, 48 Mo. App. 97, the circuit court did not acquire jurisdiction of the subject-matter of the action. The defendants appeared in the circuit court, and made no objection there to the jurisdiction, but here for the first time they raise that question.

In every case of an appeal from one court to another it is a fundamental principle that it is essential to the jurisdiction of the appellate court that the appeal was taken in the manner prescribed by law, and that, where it is not so taken, the appellate court has no jurisdiction to proceed to an examination on the merits. *Queen v. Costello, Adm'r*, 35 Mo. App. 127. And it has

been held that an appeal not taken in time from a justice confers no jurisdiction on the circuit court, though both parties appear. *Robinson v. Walker*, 45 Mo. 117; *Moon v. Minkler*, 3 Mo. App. 596; *Bauer v. Cabanne*, 11 Mo. App. 114; *McQuoid v. Lamp*, 19 Mo. App. 153; *Ewing v. Donnelly*, 20 Mo. App. 6.

The subject-matter of the trial before the justice of the peace was *res adjudicata*. The circuit court could not acquire jurisdiction of it except in the manner required by law. It could not be reopened in any other way. Jurisdiction of the subject-matter cannot be acquired by consent. It is quite different from the acquisition of jurisdiction of the person. The cases just cited sustain this view.

As the circuit court failed to acquire jurisdiction of the subject-matter of the trial before the justice on account of the insufficiency of the affidavit for the appeal, it must necessarily follow that its judgment must be reversed.

All concur.