SIMON WELSH, Respondent, v. HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 6, 1893, and January 8, 1894.

1. **Justices' Courts:** APPEALS: DEFECTIVE AFFIDAVIT: WAIVER. Although the affidavit for appeal from a justice's court fail to state whether the appeal is from the merits or an order taxing costs, yet on the granting of the appeal by the justice and the filing of the papers in the clerk's office, the circuit court becomes possessed of the cause, and if the appellee proceeds without objection, the defect is waived, limiting *Whitehead v. Cole*, 49 Mo. 428.

2. **Railroads:** FENCING STATION GROUND. Whether a railroad company has placed its fence and cattle guards as near the head of its switch as is consistent with the safety of trainmen in switching trains at the station is a question for the jury under proper instructions.

*Appeal from the Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Spencer & Mosman* and *Ben Eli Guthrie* for appellant.

(1) We contend that defendant's demurrer should have been given because there was not a scintilla of evidence to sustain the charge made in the petition that the cow came upon the track "at a point where the same passed through enclosed or cultivated fields." This part of plaintiff's case rests entirely on conjecture. *Henderson v. Railroad*, 36 Mo. App. 112; *Fitterling v.*

*Railroad*, 79 Mo. 504, 509; *Hyde v. Railroad*, 110 Mo. 280; *Railroad v. Talbot*, 78 Ky. 621; *Smith v. Railroad*, 37 Mo. 295; *Callaghan v. Warren*, 40 Mo. 137; *Long v. Moon*, 107 Mo. 338, 339. (2) The demurrer should have been given because, by the uniform decisions of this court and of the supreme court of the state, railway companies are not liable under the double damage section for stock killed on depot grounds. *Robertson v. Railroad*, 64 Mo. 412; *Swearingen v. Railroad*, 64 Mo. 73; *Morris v. Railroad*, 79 Mo. 367; *Lloyd v. Railroad*, 49 Mo. 199; *Russell v. Railroad*, 83 Mo. 510; *McIntosh v. Railroad*, 36 Mo. App. 377. (3) The defendant having in good faith constructed its station at Lingo, was entitled to the presumption indulged in favor of every other citizen, that it had acted rightly and had not abused its discretion. *St. Louis v. Weber*, 44 Mo. 550, 551; *Cape Girardeau v. Riley*, 72 Mo. 224; *Corrigan v. Gage*, 68 Mo. 544; *Jennings v. Railroad*, 37 Mo. App. 653; *Pearson v. Railroad*, 33 Mo. App. 546; *Powell v. Railroad*, 76 Mo. 84; *O'Harra v. Railroad*, 95 Mo. 692. (4) It was error to refuse defendant's second and third instructions, as they correctly declared the law of the case. Plaintiff was not entitled to go to the jury on a theory entirely subversive of the cause of action stated in his petition. *Luckie v. Railroad*, 67 Mo. 245; *Clement v. Yeates*, 69 Mo. 625; *Hausberger v. Railroad*, 43 Mo. 196; Revised Statutes, 1889, sec. 6345. (5) It was error to give the plaintiff's first instruction. No such issue was presented in the pleadings. *Bray v. Seligman*, 75 Mo. 40; *Glass v. Gelvin*, 80 Mo. 297. (6) We deny that the framers of the statute ever intended, or that the letter or spirit of the statute gives to the owners of stock killed on depot grounds, double damages for failing to fence a track, when that failure arises from an error of judgment as to the extent of ground necessary to

accommodate the public, or to properly accommodate the trains of defendant running over its road. *Graw v. Railroad*, 54 Mo. 240; *Spitler v. Young*, 63 Mo. 42; *Nenan v. Smith*, 50 Mo. 525. (7) It was error to give plaintiff's third instruction. There was no evidence upon which to base it. This was practically conceded by plaintiff by asking his first instruction. *Henderson v. Railroad, supra; Miller v. Railroad*, 47 Mo. App. 633.

*Bert D. Nortoni* for respondent.

(1) The justice of the peace had original jurisdiction of this cause. Revised Statutes, 1889, sec. 6122. Therefore the circuit court had no jurisdiction of the "subject-matter." *Green v. Costello*, 35 Mo. App. 127; *Whitehead v. Cole et al.*, 49 Mo. App. 429. (2) The circuit court having no jurisdiction of the "subject-matter," none could be acquired by consent in the circuit court. *Whitehead v. Cole et al., supra.* The paper purporting to be an affidavit for an appeal from the justice of the peace to the said circuit court, and was insufficient and fatally defective, in that "it failed to state whether such appeal is from the merits, or from an order or judgment taxing costs." Revised Statutes, 1889, sec. 6330. And an affidavit for an appeal from a justice of the peace which fails to state, "whether such appeal is from the merits, or from an order or judgment taxing costs," "is insufficient and is fatally defective and confers no jurisdiction on the circuit court to try the cause." *Spencer v. Beasley*, 48 Mo. App. 97; *Whitehead v. Cole et al., supra.*

Brief in reply for appellant.

(1) The statutes, from section 6330 to 6349, are solicitous in every way, not only that the right of appeal

shall exist, but that every possible and conceivable opportunity for the exercise of it shall be left open. It seems from these sections that it must follow that the return of the justice depositing the papers with the circuit court gives that court its jurisdiction, and that it proceeds to make amendments and corrections therein as the parties may suggest. *Myers v. Woolfolk*, 3 Mo. 348. (2) On the preceding authorities and statutes it seems infallible that the affidavit is subject to amendment in the circuit court. If it is amendable there, it is not jurisdictional. *Hardin v. Lee*, 51 Mo. 245; *Hunt v. Loucks*, 38 Cal. 372; *Parmelee v. Hitchcock*, 12 Wend. 98; *Cooper v. Reynolds*, 10 Wall. 308; *O'Reilly v. Nicholson*, 45 Mo. 163; *Gray v. Bowels*, 74 Mo. 419; *State ex rel. v. Donegan*, 83 Mo. 374; *Yeoman v. Younger*, 83 Mo. 424; *Hughes Adm'r v. Hardesty*, 13 Bush, 364; *McIlwrath v. Hollander*, 73 Mo. 105; *Fields v. Maloney*, 78 Mo. 179. (3) It is just the difference between void and voidable. This is a common practice in other proceedings; an amendment to show jurisdictional fact not shown in statement as before justices, can be properly made out in the circuit court. *Fatham v. Ruter*, 31 Mo. App. 304; *Vaughn v. Railroad*, 17 Mo. App. 4; *Circuit v. Railroad*, 79 Mo. 328; *Dryden v. Smith*, 79 Mo. 525; *Rollin v. Railroad* 73 Mo. 619. (4) The statement required by the statute, showing whether the appeal is from the merits or from the costs, is purely *a matter of averment*, and not a jurisdictional fact. If from the taxation of costs, the above clause confers jurisdiction. The statement being only required to advise the court and opposite party of the nature of the case that is to be tried. 48 Mo. App. 49. If the reason for this statute is correctly stated, then it necessarily follows that the party in whose favor the provision is made may waive it. *Moore v. Railroad*, 51 Mo. App. 504. It is not possible to come to any other

conclusion than that this statement in the affidavit is purely a matter of averment when section 6330 is considered in connection with section 6340. *Horstmeyer v. Conners*, 51 Mo. App. 397. (5) The spirit of our code is directly opposed to a party gaining any benefit from raising a point of this kind, for the first time in this court. *State v. Mackin*, 51 Mo. App. 300, 309; *Gideon v. Hughes*, 21 Mo. App. 528; *Pershing v. Canfield*, 70 Mo. 140; *Squires v. Chillicothe*, 89 Mo. 232; *State v. Knight*, 61 Mo. 373. Sections 6339 and 6340 in connection with sections 2098 and 2117, Revised Statutes, 1889. (6) We know of no reason why the failure to comply with a statute regulating the practice in justice courts should meet with a more rigorous punishment than is imposed for a similar violation of a statute regulating the practice in courts of general jurisdiction. *State v. Knight*, 61 Mo. 373; *Stearns v. Railroad*, 94 Mo. 321; *St. Louis B & C. v. Memphis, etc.*, 72 Mo. 664.

ELLISON, J.—Plaintiff instituted his action against defendant before a justice of the peace wherein he complained that defendant's engines and cars had struck and killed his cow. He recovered before the justice, as well as in the circuit court, whence the case was taken on appeal from the justice.

Plaintiff's contention here is that the circuit court had not, and this court has not, jurisdiction of the cause, and that his judgment before the justice stands against defendant unaffected by any proceeding since. His point is based on the fact that defendant's affidavit for an appeal from the justice failed to state whether such appeal was from the merits, or from an order or judgment taxing costs, as required by section 6330, Revised Statutes, 1889. That by omitting this requirement of the statute, no jurisdiction of the subject-matter was conferred upon the circuit court. The question

was not raised in the circuit court and has been urged here for the first time in the history of the cause. Plaintiff's position is supported by the case of *Whitehead v. Cole*, 49 Mo. App. 428. That decision is attacked by defendant, and we are now of the opinion that we went too far in the *Whitehead case* in declaring that the omission of the statement as to the appeal being from the merits or costs was fatal to the circuit court's jurisdiction of the cause. An affidavit omitting to state whether the appeal is from the merits or merely from an order taxing costs is a defective affidavit, but is, notwithstanding such omission, an affidavit; and as such, it may be amended. Revised Statutes, 1889, section 6340. If it may be amended it must be a thing of substance on which an amendment can operate, and will necessarily have an operative effect in taking the *cause* from the inferior court and placing it in the superior court. A justice of the peace might very properly refuse to allow an appeal unless the necessary statutory affidavit was filed; indeed, under sections 6328 and 6330, Revised Statutes, he ought not to allow it. But if he, notwithstanding the affidavit is defective, or if no affidavit at all is made, nevertheless does allow the appeal and sends the transcript and papers to the circuit court as required by statute, section 6337, that court obtains jurisdiction of the cause. See *State v. Cook*, 33 Mo. App. 57; *City of DeSoto v. Merciel*, 53 Mo. App. 61. This is the more clearly apparent from the terms of section 6339, wherein it is declared that: "Upon the return of the justice being filed in the clerk's office, the court *shall be possessed of the cause,* and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the original summons or the service thereof, or on the trial, judgment or other proceedings of the justice or constable in relation to the cause."

So, construing sections 6328, 6330 and 6340 together it amounts to this, that under the former no appeal should be allowed until the statutory affidavit substantially complying with the statute is filed with the justice, but if the appeal should, nevertheless, be allowed, without complying with the former sections, it shall not, under the terms of the last section, be dismissed, if the appellant will make and file a proper affidavit in the circuit court before the appellee's motion to dismiss is determined.

It necessarily follows from the foregoing considerations that the affidavit may be waived by the appellee. He may take action on account of the defect, if he so desires, and if the appellant fails or refuses to cure the defect, as permitted by the statute, he will be punished by the dismissal of his appeal. But if the appellee fails to exercise his right to demand a proper affidavit, it will not affect the jurisdiction of the circuit court over the subject-matter of the action.

II. The judgment that was rendered in the circuit court is then, the one upon which plaintiff must rely. A consideration of the record and arguments of counsel has satisfied us that that judgment should be affirmed. The evidence shows, or at least it can be so stated, in the light of the verdict of the jury, that the cow got upon the track outside the corporate limits of the town of Lingo. There is evidence tending to show that she got upon the track through a defective fence, or, at a point outside the limits of the town where there was no fence, but where there should have been. The latter theory was submitted to the jury in an instruction. But defendant contends that the track could not be fenced at this point. That the fence and cattle guard were as close to the head of the switch as could be consistent with the safety of the trainmen in switching and handling trains at the town of Lingo. This question was

likewise submitted to the jury by such an instruction as was said to be proper in *Pearson v. Railroad*, 33 Mo. App. 543.

Defendant says that plaintiff's statement of his cause of action fixes the point where the cow went upon the track at a place where the track passes through enclosed or cultivated fields; and that there is no evidence to sustain this allegation. The allegation made by plaintiff is broader than defendant states it. The allegation is that the animal went upon the track "at a point where said railroad passes through, along or adjoining enclosed or cultivated fields, or *unenclosed lands*" where defendant had failed to erect lawful fences, cattle guards, etc. This is the language of the statute, section 2611, Revised Statutes, 1889. There was evidence tending to show that the cow went upon the track and was struck either inside the railroad fence, or, at a point outside of the fence which was beyond the limits of the town, and which need not have been left unfenced for the reasonable convenience of the railroad in handling its trains or transacting business with the public, at the adjoining station grounds.

The instructions refused for the defendant were properly refused. They, in effect, took from the jury the question as to the reasonable limit of the switch ground.

The judgment will be affirmed. All concur.