Greischar & Kepple v. Alexander.

GREISCHAR & KEPPLE, Appellants, v. J. W. ALEXAN-DER, Respondent.

Kansas City Court of Appeals, January 8, 1894.

Justice's Court: AFFIDAVIT FOR APPEAL: ATTACHMENT: APPEAL DISMISSED. Plaintiff had judgment in the justice's court both on the plea in abatement and on the merits. Defendant's affidavit stated this appeal is taken from the judgment rendered on the plea and abatement and in the cause. In the circuit court the plaintiff moved to dismiss the appeal on the ground of the insufficiency of the affidavit, which motion was overruled, and the plaintiff not appearing further, the court dismissed the case. *Held*. *First*, the affidavit wholly omitted the essential words required by the statute to make it complete. *Second*. On motion, if the affidavit was not amended as the statute requires, it was the duty of the court to dismiss the appeal.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

REVERSED AND REMANDED (*with directions*).

*Meservey, Pierce & German* for appellants.

The pretended affidavit for appeal was wholly insufficient to give the circuit court jurisdiction of the subject-matter of the action, and the court should have sustained plaintiff's motion to dismiss the appeal.

Section 6330, Revised Statutes, 1889, requires the affidavit for appeal to state "whether such appeal is from the merits or from an order or judgment taxing costs." *Spencer v. Beasley*, 48 Mo. App. 97; *Whitehead v. Cole & Rodger*, 49 Mo. App. 428; *Welch v. Railroad*, 55 Mo. App. 599.

*G. A. Neal & L. E. Wyne* for respondent.

Section 604 provides: "The provisions of law governing attachments in courts of record shall apply to attachments before justices of the peace, so far as the same may not be inconsistent with the provisions which are specially applicable to the latter." The limitation is as to the subject-matter of jurisdiction, amount, etc. Section 6327 of the Revised Statutes, 1889, provides that the justice may retax the costs in a case, and that an appeal may be taken from the order of the justice thereon. Section 6330 prescribes the requisites of the affidavit in cases of appeal. These sections are provided for in ordinary cases before justices of the peace. The act of 1891, enactment subsequent to the above sections quoted, and which is an amendment of section 562 of the Revised Statutes, 1889, in attachment cases provides, that the plaintiff may appeal from the judgment of the court on the plea in abatement or from the judgment on the merits as he may elect; but, if the defendant should appeal, he shall do so from the whole case. See Laws of 1891, page 45. The only appeal the defendant can take is the one provided for by this amendment, that is "from the whole case." If appeals in attachment cases are governed by the statute in ordinary cases, and, if section 6330, Revised Statutes, 1889, applies, then the affidavit for appeal in this case substantially conforms to the requirements of that section. The

affidavit states, "that this appeal is taken from the judgment rendered on the plea in abatement and in the cause." It has been held in the case of an indictment (where the construction is strict) that when the exact words of the statute are not used, but words of equivalent import are employed, the indictment is sufficient. *State v. Ware*, 62 Mo. 597; *State v. Watson*, 65 Mo. 115. The cases cited by appellant (*Spencer v. Beasley*, 48 Mo. App. 97; *Whitehead v. Cole*, 49 Mo. App. 428, and *Welch v. Railroad*, 55 Mo. App. 599) are not in point. Those were ordinary actions and attachment was not a part of the suits.

SMITH, P. J.—The plaintiffs brought suit by attachment against defendant before a justice of the peace where they had judgment both on the plea in abatement and on the merits.

Afterwards defendant filed an affidavit and bond for an appeal to the circuit court and in the affidavit it was stated that the appeal was "not made for vexation or delay but because affiant believes that appellant is injured by the judgment of the justice, and that this *appeal is taken from the judgment rendered on the plea in abatement and in the cause.*"

In the circuit court the plaintiffs appeared for the purpose of filing their motion to dismiss the appeal which was upon the ground that the affidavit therefor was insufficient to give that court jurisdiction of the subject matter of the action or of the persons of the plaintiffs, which motion was overruled by the court, to which ruling the plaintiffs saved their exceptions. Later on the case was called for trial and the plaintiffs declining to make further appearance therein it was dismissed for want of prosecution.

Still later on during the term the plaintiffs filed a motion to set aside the judgment, etc., which being

overruled they tendered their bill of exceptions which was allowed, signed, sealed and made part of the record. They bring the case here by appeal.

Section 6330, Revised Statutes, provides what an affidavit for an appeal from a justice of the peace shall contain. It is there imperatively required that such affidavit shall, amongst other things, state whether "such appeal is from the merits or from an order or judgment taxing costs." Neither these words nor their equivalents are to be found in the defendant's affidavit. The statement of the affidavit that the appeal was "taken from the judgment rendered on the plea in abatement and in the cause," does not meet the statutory requirement which is essential in every case, not otherwise specially provided for by statute when any person aggrieved by any judgment rendered by a justice of the peace from which it is desired to take an appeal.

The statement of the affidavit shows no more than that the defendant sought to take an appeal from the judgment rendered on the plea in abatement in the cause. The employment of the copulative conjunction "and" in the *italicised* sentence of the affidavit just quoted, is grammatically superfluous and neither adds to nor subtracts from the plain meaning of the other words therein. The affidavit must be considered as if it wholly omitted the essential words required by the statute to make it complete.

It being defective in the particular already stated the appellants had a right by motion to call on defendant to perfect it on pain of dismissal of his appeal and if he then refused, as was the case, to file the required affidavit, (section 6340, Revised Statutes) it was the duty of the court to have dismissed such appeal. *Spencer v. Beasley,* 48 Mo. App. 97; *Welsh v. Railroad,* 55 Mo. App. 599.

It results that the judgment of the circuit court must be reversed and the cause remanded with directions to dismiss the appeal of the defendant. All concur.