L. G. VanScoyoc, Appellant, v. A. K. Wolfe, Respondent.

**Kansas City Court of Appeals, January 24, 1898.**

Justice's Courts: APPEAL: AFFIDAVIT: MERITS V. COST. In an appeal from a justice's court the affidavit should state whether the appeal is upon the merits or the cost and motion will lie in the circuit court to dismiss for failure to do so unless amendment be made before the determination of such motion.

*Appeal from the Jackson Circuit Court.*—Hon. E. P. Gates, Judge.

Reversed and remanded (*with directions*).

*Meservey, Pierce & German* for appellant.

(1) By the provisions of the statute it is imperatively required that an affidavit from the justice of the peace shall state, among other things, whether "such

appeal is from the merits or from an order or judg-
ment taxing costs." R. S. 1889, sec. 6330; *Greischar v.
Alexander*, 56 Mo. App. 56. (2) The affidavit being
defective, plaintiff had a right by motion to call on
defendant to perfect the affidavit, and defendant fail-
ing to correct said affidavit, it was the duty of the court
to have dismissed such appeal. R. S. 1889, sec. 6340;
*Spencer v. Beasley*, 48 Mo. App. 97; *Welsh v. R. R.*,
55 Mo. App. 599.

*Durall & Durall* for respondent.

(1) By the provisions of the statute, upon the
return of the justice being filed in the clerk's office the
court shall be possessed of the cause and shall proceed
to hear, try and determine the same anew without
regarding any error, defect or other imperfection in
the original summons or the service thereof, or on the
trial, judgment, or other proceedings of the justice or
constable in relation to the cause. R. S. 1889, sec.
6339; *Musgrove v. Mott*, 90 Mo. 107. (2) In the case
at bar the justice filed transcript according to section
6337, Revised Statutes of Missouri 1889, which con-
ferred jurisdiction upon the circuit court. *Moulder &
Simpson v. Anderson*, 63 Mo. App. 39.

GILL, J.—This is a suit originating in a justice's
court where plaintiff had judgment and defendant ap-
pealed to the circuit court. In defendant's affidavit
for appeal filed with the justice of the peace, it was not
stated whether the appeal was from the merits or from
an order or judgment taxing costs. In the circuit
court the plaintiff filed a motion to dismiss defendant's
appeal because of the insufficiency of the affidavit.
The court overruled the motion; plaintiff failing to
appear any further in the action, judgment was

entered in defendant's favor, and plaintiff appealed to this court.

Unquestionably the affidavit filed with the justice was defective in that it failed to state whether the appeal was taken from a judgment on the merits or from the order taxing costs. While this defect did not altogether deprive the circuit court of jurisdiction, yet when attention was called to the insufficiency of the affidavit by motion of the opposite party, the defendant was bound to amend before the motion was determined or his appeal should have been dismissed. It has been several times so ruled by this court. *Spencer v. Beasley*, 48 Mo. App. 97; *Welsh v. R'y*, 55 Mo. App. 599; *Greischar v. Alexander*, 56 Mo. App. 56.

In this case the defendant, who was the appellant in the circuit court, did not offer to amend his affidavit. His appeal then should have been dismissed.

It follows that the judgment of the circuit court must be reversed and the cause remanded with directions to dismiss defendant's appeal. It is so ordered. All concur.