# BADER, Administrator of the Estate of HILL, deceased, Respondent, v. JONES, Appellant.

### St. Louis Court of Appeals, June 5, 1906.

### (Opinion by Bland, P. J.)

1. **APPEALS: Justices of the Peace: Affidavit for Appeal: Waiver of Defect.** In a case in which a justice of the peace and the circuit court, to which it is appealable, have *concurrent* jurisdiction, after the appellee appears to the action and makes no objection to a defective or insufficient affidavit for appeal, he will be deemed to have waived the defect or insufficiency and can not urge it after judgment.

2. ———: ———: ———: ———: **Unlawful Detainer.** But chapter 44 of the Revised Statutes of 1899, gives a justice of the peace exclusive original jurisdiction in actions of unlawful detainer, and an affidavit for appeal in such case which neither literally nor substantially complied with the statute, could not confer jurisdiction of the subject-matter on the circuit court and a judgment of the circuit court rendered in the cause was utterly void.

3. ———: **Motion for New Trial After Term.** A motion to set aside the ruling of the trial court in overruling a motion for new trial and to set aside a void judgment, if made at a term subsequent to the one at which the ruling was made, comes too late and cannot be entertained.

### (Concurring Opinion by Nortoni, J.)

4 ———: **Defective Affidavit: Jurisdiction.** Under section 4072, Revised Statutes 1899, an affidavit for appeal, in any kind of case, may be amended in the circuit court; a defective affidavit does not affect the jurisdiction of the court.

5. ———: ———: ———: **Justices of the Peace.** Under section 4071, Revised Statutes 1899, where a justice allows an appeal and certifies his transcript and papers to the circuit court, the lodgment of the same in the circuit court is sufficient to confer jurisdiction upon the circuit court, although the affidavit for appeal is insufficient.

6. ———: ———: **Waiver.** Where an appeal was taken from a judgment in unlawful detainer rendered by a justice of the peace, wherein the affidavit was insufficient and the appellee,

although properly served with notice of the appeal, failed to appear or question the sufficiency of the affidavit, he waived the defect and the circuit court was possessed of the case so that a judgment rendered thereon was valid.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*W. W. Corbett* for appellant.

The court had no jurisdiction by appeal, the justice failing to allow an appeal as shown by the justice's transcript. Jurisdiction of the court in cases appealed from justice's courts is acquired in a special statutory manner, and it is necessary that it be shown from the record. Kelm v. Huckler, 49 Mo. App. 664. The affidavit for appeal should show whether the appeal is taken upon the merits of the case or from an order or judgment taxing costs. The attention of the court was called to these defects by the petition for review which is a motion in reality. Vanscoy v. Wolf, 73 Mo. App. 430.

*J. S. Corbett* and *Duncan & Bragg* for respondent.

STATEMENT.—Plaintiff, as administrator of the estate of Charles Hill, deceased, commenced this suit in unlawful detainer before Charles A. Griffith, a justice of the peace in Pemiscot county, for the recovery of the possession of the parcel of land described in the complaint, and for one year's rent. The defendant filed a counterclaim. A change of venue was awarded to B. F. Allen, justice of the peace in Hayti township, in said county, where a trial was had resulting in a verdict and judgment for the defendant on his counterclaim. Within ten days from the rendition of the judgment, plaintiff filed with the justice the following affidavit (omitting caption) for an appeal to the circuit court to-wit:

"J. W. Bader, being duly sworn, upon his oath says that his application for an appeal is not made for vexation or delay, but because he believes the appellant to be injured by the judgment of the justice, in an action of unlawful detainer, and he believes himself entitled to recover possession of the premises described in the complaint."

At the same time, the plaintiff filed his appeal bond with the justice which was approved. The justice made no entry in his docket allowing the appeal, but transmitted the papers, with a transcript of his docket entries in the case to the clerk of the circuit court of Pemiscot county, who entered the case on the court's docket for the June term, 1902. Notice of the appeal was timely served on defendant. The cause was continued from the June to the November term, 1902, at which term, defendant failing to appear, the plaintiff filed his motion for judgment, which was sustained by the court, and judgment rendered for the plaintiff for the posession of the premises, eighty-five dollars damages for their wrongful detention, and the values of the monthly rents were found to be $10.70. Shortly after the rendition of the judgment, it is recited in the transcript, Bader resigned as administrator and J. D. Hoffman, public administrator of the county, took charge of Hill's estate as administrator *de bonis non* and by order of the court was substituted as party plaintiff in the judgment. It is not stated just when this order of substitution was made. The inference is, and the presumption should be indulged, that it was at the same term the judgment was rendered. At the February, 1904, term of court, defendant filed his petition asking to have the judgment reviewed, set aside and the case opened for hearing, alleging that he had a good valid defense to the action; that he was prevented from attending the November, 1902, term of the court by reason of suddenly becoming so sick as to be physically unable to attend court. It is also alleged

in the petition for review, that the circuit court acquired no jurisdiction of the cause by the attempted appeal. Plaintiff filed his motion to dismiss the petition, for the reason Bader was not the administrator of the Hill estate and was not a proper party to the proceedings for a review. The court sustained the motion to dismiss the petition in review. Defendant, after taking the proper steps to preserve his exceptions to the rulings of the court in dismissing his petition in review, appealed to this court.

BLAND, P. J. (after stating the facts).—In respect to appeals from justices' courts, the statute (section 4062, R. S. 1899) provides:

"No appeal shall be allowed unless the party applying therefor, or some person for him, will make affidavit that the application for an appeal is not made for vexation or delay, but because he believes the appellant is injured by the judgment of the justice, and stating whether such appeal is from the merits or from an order or judgment taxing costs."

In Van Scoyce v. Wolfe, 73 Mo. App. l. c. 432, the Kansas City Court of Appeals, in respect to a defective affidavit for an appeal, said: "While this defect did not altogether deprive the circuit court of jurisdiction, yet when attention was called to the insufficiency of the affidavit by motion of the opposite party, the defendant was bound to amend before the motion was determined or his appeal should have been dismissed. It has been several times so ruled by this court. [Spencer v. Beasley, 48 Mo. App. 97; Welsh v. Railway, 55 Mo. App. 599; Greischar v. Alexander, 56 Mo. App. 56.]

In this case the defendant, who was the appellant in the circuit court, did not offer to amend his affidavit. His appeal then should have been dismissed.

In Whitehead v. Cole & Rodgers, 49 Mo. App. l. c. 429, the same court said:

"In every case of an appeal from one court to another it is a fundamental principle that it is essential to the jurisdiction of the appellate court that the appeal was taken in the manner prescribed by law, and that where it is not so taken, the appellate court has no jurisdiction to proceed to an examination on the merits."

This court, in Green v. Castello, 35 Mo. App. 127, made a like ruling on an appeal from the judgment of a probate court; and in Hyatte v. Wheeler, 101 Mo. App. l. c. 359, 73 S. W. 1100, through REYBURN, J., in writing the opinion, said: "A literal compliance with the requirements of the statute is the only mode by which the appellate tribunal can acquire jurisdiction of the subject-matter of the former trial. The decision of the inferior court is final, unless reopened according to law. [Robinson v. Walker, 45 Mo. 117; Green v. Castello, 35 Mo. App. 127; Devore v. Staeckler, 49 Mo. App. 547.]"

In these cases, the courts from which the appeals were taken had exclusive original jurisdiction of the subject-matter of the suits, and the rulings were put upon the well-settled doctrine, that it is not within the power of parties to a suit to confer jurisdiction of the subject-matter by consent.

In that class of cases, where concurrent jurisdiction of the subject-matter is given to the court from which and to which the appeal is taken, a different rule obtains. In such cases, if the appellee appears to the action and makes no objection to the defective or insufficient affidavit for appeal, he will be deemed to have waived the defect and will not be heard to urge the insufficiency of the affidavit after judgment or in the appellate court. [Poston v. Williams, 99 Mo. App. 513, 73 S. W. 1099; Gerhart Realty Company v. Weiter, 108 Mo. App. 248, 83 S. W. 278.] Justices of the peace, by chapter 44, Revised Statutes 1899, are given exclusive original jurisdiction in all actions of unlawful detainer. The affi-

davit for the appeal from the judgment of the justice neither literally nor substantially complies with the statute, and therefore was ineffectual to confer jurisdiction of the subject-matter on the circuit court, and for this reason its judgment is utterly void. But the appeal is not from the judgment, but from the refusal of the court to set it aside at a term subsequent to the one at which it was rendered. Defendant not only appeared at the trial before the justice, but was the successful party in that court, and was personally served with notice of the appeal. His petition for review — motion for new trial would be the more appropriate title — came too late, and no error was committed by dismissing or refusing to entertain it. [R. S. 1899, sec. 777; Jones v. Driskill, 94 Mo. 191, 7 S. W. 111; Haytt v. Wolfe, 22 Mo. App. 191.] But we think when the court's attention was called to the fact that the judgment was a nullity, it should have set the same aside, ordered the case re-docketed and granted plaintiff leave to amend the affidavit for appeal. This may yet be done, but the record before us is not such as to warrant us to order it done. The judgment is therefore affirmed. *Goode, J.,* and *Nortoni, J.,* concur in result.

NORTONI, J. (concurring).—We do not concur in that portion of the opinion saying the judgment of the circuit court which was sought to be reviewed in this case was void. The doctrine announced by the Kansas City Court of Appeals in Whitehead v. Cole & Rodgers, 49 Mo. App. 429, which is to the effect that a defective affidavit for appeal from a justice of the peace confers no jurisdiction upon the circuit court, is expressly disapproved in Welsh v. Railway, 55 Mo. App. 599, by the same court.

Now, our statute with respect to appeals from justice of the peace courts to the circuit courts, among other things, provides as follows:

"No appeal allowed by a justice shall be dismissed for want of an affidavit or recognizance, or because the affidavit or recognizance made or given is defective or insufficient, if the appellant or some person for him will, before the motion to dismiss is determined, file in the appellate court the affidavit required, or enter into such recognizance as he ought to have entered into before the allowance of the appeal, and pay all costs that shall be incurred by reason of such defect or omission, with respect to such affidavit or recognizance." [Sec. 4072, R. S. 1899.]

We are of the opinion, inasmuch as this statute expressly authorizes the amendment of the affidavit for appeal in the circuit court, and authorizes the court to dismiss the appeal for the failure of appellant to amend upon motion to dismiss because of a defective affidavit, that the question is therefore not one going to the jurisdiction of the court in any class of cases within the purview of the statute quoted. As a proposition, it must be true that if there is sufficient affidavit upon which an amendment can operate, then this affidavit, although insufficient, is a thing of substance, which, together with the certification by the justice and lodgment of the papers and the transcript by him in the circuit court, confers upon the court initial jurisdiction of the cause. If the affidavit may be amended, it must be a thing of substance on which an amendment can operate and will necessarily have an operative effect in removing the cause from an inferior to a superior court. It is no doubt true that the justice may refuse to allow the appeal unless the necessary affidavit is made in conformity with the statute. In truth, he is forbidden by section 4062, Revised Statutes 1899, from allowing the appeal in the first instance except the affidavit be sufficient under that section, but if the justice, notwithstanding the affidavit is defective, nevertheless allows the appeal and certifies the transcript and papers to, and lodges them with the cir-

cuit court, as is his duty under section 4064, then we understand that this certification of the case on an insufficient affidavit and the lodgment thereof in the circuit court is sufficient to and does confer jurisdiction thereon. At least section 4071, Revised Statutes 1899, says: "The court shall be possessed of the cause" upon lodgment of the papers therein. The section reads as follows:

"Upon the return of the justice being filed in the clerk's office, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the original summons or the service thereof, or on the trial, judgment or other proceedings of the justice or constable in relation to the cause."

Now there is no question but that if the appellee had appeared and moved the dismissal of the appeal in this case because of the insufficiency of the affidavit for appeal, and the appellant either failed or refused to file an amendment and sufficient affidavit under the statute first quoted, it would have been the duty of the court to dismiss the cause for such failure. No such motion was filed in this case. The facts are, the case was certified on the insufficient affidavit to, and the papers and transcript were lodged in the circuit court. Afterwards, due notice of the appeal under the statute was given and served upon the appellee, his counsel accepting service thereof, and he failed to appear and avail himself of his right to demand, by motion, a sufficient affidavit for appeal or have the appeal dismissed for the insufficiency thereof. Having thus failed to appear and move, the defect in the affidavit must be considered as waived by him and the circuit court was "possessed of the cause." The judgment of the court thereafter rendered in the case is not void for want of jurisdiction. The reasoning of the case of Welsh v. Railway, 55 Mo. App. 599, is satisfactory to a majority of this court on this proposi-

tion. (For numerous authorities, see also reply brief of appellant in that case.) *Goode, J.,* concurs in the views herein expressed.