GERHART REALTY COMPANY, Respondent, v. WEITER, Appellant.

St. Louis Court of Appeals, November 15, 1904.

1. **LANDLORD AND TENANT: Month to Month: Notice to Quit.** Under section 3414 of the Revised Statutes of 1899, a verbal agreement to let premises for eleven months is a tenancy at will and may be terminated by giving thirty days' notice to quit, as provided by section 4110.

2. ———: ———: ———: **Service of Notice.** Where the tenant is absent from the State, service of notice to quit on his wife at his place of business is sufficient.

3. **PRACTICE: Change of Venue: Prejudice of Inhabitants.** An application for a change of venue on the ground of prejudice of inhabitants of the city where the suit was pending, was properly overruled where no evidence was offered in support of the application.

4. ———: ———: **Prejudice of Judge.** It is not permissible in an application for change of venue on account of prejudice of the judge to charge prejudice against the judge of any other court than the one to whom the application is addressed, and a cause pending before a judge of one of the courts in the city of St. Louis, where the application for change of venue charged prejudice on the part of all the judges of the city, was properly transmitted to another judge in the same city.

5. ———: ———: **Transcript.** It was not error for the clerk of the court in transmitting the cause, to send the original papers instead of a transcript to the court to which the cause is sent.

6. ———: Affidavit for Appeal: Timely Exception. The suffi-
ciency of an affidavit for appeal from a justice court cannot
be questioned in the appellate court, where it was not chal-
lenged in the circuit court and an opportunity given to file an
amended affidavit.

Appeal from St. Louis City Circuit Court.—*Hon. Dan-
iel D. Fisher,* Judge.

AFFIRMED.

*James J. O'Donohoe* for appellant.

(1) The affidavit for appeal from the justice to
the circuit court is defective and insufficient. And for
this reason the circuit court acquired no jurisdiction of
this cause. R. S. 1899, sec. 3371; Hastings v. Hennes-
sey, 52 Mo. App. 172. (2) The change of venue in
this case should have been "awarded to some county in
the same, adjoining, or next adjoining circuit conven-
ient to the parties for the trial of the case, and where
the causes complained of do not exist." Failing to do
so, the circuit court of the city of St. Louis had no
jurisdiction of the cause and the verdict of the jury
and the judgment therein are void. R. S. 1899, sec.
822. (3) The clerk of Division 1 of the circuit court
should have made out "a full transcript of the record
and proceedings in the cause, including the petition and
affidavit and order of removal, and transmit the same,
duly certified, together with all the original papers
filed in the cause, and not forming a part of the record,
to the clerk" of Division No. 5 of said circuit court.
R. S. 1899, sec. 825. (4) Instruction 1 is also
erroneous in that it tells the jury that the service of
the notice on defendant's wife at the premises is law-
ful and sufficient. Service of the notice would have to
be by delivering a copy thereof "to the person in pos-
session" of the premises, "or by leaving such copy
with some person above the age of fifteen years, re-

siding on or being in charge of the premises.'' So that ''service of such notice upon the wife of the defendant at the premises'' is insufficient. R. S. 1899, sec. 3356.

*Rassieur & Rassieur* for respondent.

(1) The affidavit for appeal in this case is in substantial compliance with the statute. Thomas v. Ins. Co., 89 Mo. App. 12; Manion v. State, 11 Mo. 578; DeBolt v. Railroad, 123 Mo. 496, 27 S. W. 575. If defendant had objected to its sufficiency it might have been amended. R. S. 1899, secs. 3385, 3391; Schworer v. Christophel, 72 Mo. App. 116. Having failed to object, he will be held to have waived the insufficiency now complained of. Champ Spring Co. v. Roth Tool Co., 96 Mo. App. 518, 70 S. W. 506. (2) Upon change of venue, in the city of St. Louis, the applicant need not prove prejudice on the part of the judge before whom the case is pending. The mere allegation to that effect in the affidavit is sufficient. But objections to other judges or to the inhabitants will be disregarded, unless supported by proof. State ex rel. v. Woodson, 86 Mo. App. 253. In the absence of proof the case is properly sent to a judge of another division of the court. In such cases no transcript of the record is required. State v. Lehman, 81 S. W. 1118. (3) Service of a notice terminating a tenancy from month to month, is sufficient if served on the wife of the tenant, while upon the premises, in the event of his absence from the State making other service upon him impossible. Beiler v. Devoll, 40 Mo. App. 251; De Giverville v. Stolle, 9 Mo. App. 187. (4) An oral lease, for less than one year, is not invalid under the statute of frauds but it must be made with some one, either expressly or impliedly, authorized to act in behalf of the landlord. And such tenancy for less than one year, created by oral lease, may be terminated upon one month's notice. R. S. 1899, sec. 4110; Berner v. Gebhardt, 87 Mo. App. 413.

Gerhart Realty Co. v. Weiter.

STATEMENT.

On May 20, 1902, plaintiff, a corporation, by written lease, let to defendant a piece of ground sixty feet square in city block No. 3875 in the city of St. Louis, at a rental of one hundred dollars per month. It was agreed in the written lease that the tenancy might be terminated at any time by giving thirty days' written notice. Defendant went into possession of the premises under this lease and erected thereon some kind of a board structure in which he kept a dramshop. On March 29, 1903, plaintiff served on defendant a notice to quit, to which was appended the following:

"N. B.—In the event that you should desire to remain as a tenant, from month to month only, on and after the date of the expiration of the aforesaid notice you may do so on condition that you pay to the aforesaid company, two hundred dollars per month rent, payable in advance; the first payment to be made April 24, 1903, said tenancy to be in every way subject to the terms and conditions set out in the contract with us, applying to said property dated May 20th, 1902.

"Served March 23, 1903.

"CHARLES B. GERHART, Witness."

Plaintiff's evidence shows that on the twenty-second or twenty-third of the month following the service of the notice defendant called at its office and it was then and there agreed between plaintiff and defendant that the tenancy should be continued from month to month at a rental of two hundred dollars per month, payable in advance on the twenty-fourth day of each month, and the evidence of both parties is that defendant on that occasion paid two hundred dollars as rent. Plaintiff's evidence further shows that defendant called again on or about the twenty-fourth day of May and stated that he could not afford to pay two hundred dollars per month rent and that he would have

to vacate the premises. The rent was not reduced. On June 1st, he paid two hundred dollars, the rent due for the preceding month. About June twenty-second or twenty-third, defendant called again at plaintiff's office and again asked for a reduction of the rent. Plaintiff then agreed to abate one hundred dollars a month until such time as defendant could afford to pay the two hundred dollars. The defendant agreed to this arrangement and paid one hundred dollars for the June rent but was given a receipt for $200. This arrangement was continued until October 20, 1903, when the plaintiff served notice on defendant to quit. This notice was served on the defendant's wife, who was on the premises at the time and in charge of defendant's dramshop, the defendant being absent in the State of Wisconsin. The defendant refused to surrender possession of the premises and this suit was brought to oust him.

The defendant's evidence was to the effect that on April twenty-third, plaintiff verbally let the premises to him for a term of eleven months at a gross rental of twelve hundred dollars, two hundred dollars to be paid down and the remainder to be paid in monthly installments of one hundred dollars on the first day of each month, and that he paid the two hundred dollars down and the one hundred dollars rent on the first of each month according to the terms of the verbal lease. This evidence was flatly contradicted by rebuttal testimony offered by the plaintiff. Verdict and judgment were given for plaintiff in the circuit court. Defendant appealed.

BLAND, P. J. (after stating the facts).—1. There are quite a multitude of errors assigned by defendant (appellant). The court instructed the jury that defendant's tenancy was from month to month and might be terminated by giving thirty days' notice in writing to quit. Defendant contends that this instruction ig-

nored his evidence to the effect that he was holding
under a verbal lease for a term of eleven months. It
may be granted that plaintiff and defendant, on April
23, verbally agreed that defendant's term should be
for eleven months, yet his tenancy was from month to
month for the reason the term was for less than one
year. Sec. 3414, Revised Statutes 1899. Under this
section he was a tenant at will and his tenancy might
be terminated at any time by giving thirty days' no-
tice in writing to quit, as provided by section 4110,
Revised Statutes 1899.

2. Defendant insists that the notice to quit was
not properly served. It was served on the wife of the
defendant, who was found at his place of business on
the leased premises and in charge of that business. The
defendant was out of the State so that service of no-
tice on him at that time was not only impracticable but
impossible; in these circumstances the service on the
wife was sufficient. Harris v. Railway, 40 Mo. App. l.
c. 255; DeGiverville v. Stolle, 9 Mo. App. l. c. 187.

3. The defendant applied for a change of venue
in the circuit court. In his application he alleged that
the judge of Division No. 2 (where the suit was pend-
ing) was so prejudiced against him that he could not
have a fair trial in said court. He did not stop here
but went further and alleged that collectively and in-
dividually all, each and every one of the ten judges of
the ten divisions of the circuit court of the city of St.
Louis were so prejudiced against him that he could not
have a fair trial in anyone of said divisions. Not con-
tent with these allegations, he proceeded to allege that
the inhabitants of the city of St. Louis were so prej-
udiced against him that he could not have a fair trial
in said city. Applications for change of venue con-
taining omnibus charges of prejudice discredit them-
selves. No evidence whatever was offered to show
that the inhabitants of the city of St. Louis were prej-
udiced against the defendant, and for this reason he

was properly denied a change of venue from the city of St. Louis. It is not permissible in an application of this kind to charge prejudice against the judge of any court other than the one to whom the application is addressed. Sec. 818, Revised Statutes 1899; State ex rel. v. Woodson, 86 Mo. App. 253; State v. Anderson, 96 Mo. 241, 9 S. W. 636. The affidavit was sufficient to disqualify the presiding judge, who so ruled and transmitted the cause to Division No. 5 for trial. The original papers were taken from Division No. 2 to Division No. 5 and the cause tried on the original papers. Defendant contends that the clerk should have made a transcript and retained the original papers in Division No. 2. This contention was answered adversely to defendant by the Supreme Court in the case of State v. Lehman, 81 S. W. 1118.

4. The sufficiency of the plaintiff's affidavit for appeal from the justice's court, where the cause originated, is challenged. It contains every essential requirement of the statute and is sufficient. If it had been insufficient, it should have been challenged in the circuit court and an opportunity given the plaintiff to file an amended affidavit, if the one filed was found insufficient. This was not done. It is too late to raise the question for the first time in this court.

5. There are a number of other assignments of error found in the brief of defendant. On examination we have found them to be trivial and devoid of merit. We think the case was properly tried and that the judgment was for the right party, therefore, it is affirmed. All concur.