Donald HONTZ, Petitioner-Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 29945.

Missouri Court of Appeals, Kansas City District.

Nov. 27, 1978.

Paul E. Panek, Belton, for petitioner-appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, III, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ., concur.

DIXON, Judge.

Movant appeals denial of relief under Rule 27.26 after an evidentiary hearing.

The issue raised is a jurisdictional issue involving movant's request for a change of judge.

At the same time movant filed the motion for relief under Rule 27.26, he also filed a motion to disqualify the judges of Division 1 and Division 2 of the 17th Circuit. The judge of Division 1 who was assigned to the case denied the request. The docket entry making the ruling is as follows:

"September 7, 1977. Motion of Petitioner to disqualify

Judge Robert G. Russell and Judge William M. Kimberlin overruled as there is no provision in the law that authorizes the disqualifying two judges in the same motion at the same time."

The motion to disqualify the judges was filed pro se and the ruling was made, as noted, on September 7, 1977. Counsel was appointed October 17th, and the hearing was held November 7.

■ Proceedings under Rule 27.26 are civil in nature, and the rule governing a change of judge is Rule 51.05 which in its terms is applicable to the court which imposed the sentence. *State ex rel. Reece v. Campbell*, 551 S.W.2d 292 (Mo.App.1977). Thus, the determination of the issue presented is governed by Rule 51.05, but the statutory history and the comparable Criminal Rules 30.12–30.16 demonstrate that the modern procedures are similar.

The history of the area of change of judge in Missouri is complex and confusing. Such a practice has existed since territorial days. Act of July 3, 1807, 1 Territorial Laws, page 117, § 32. While a fair number of cases, both civil and criminal, exist, they all have to be read in conjunction with the change of venue statutes in force at the time of the case.

Early civil cases in Missouri were measured against § 818 Rev.Statutes of 1899 which allowed a party to challenge a judge for prejudice, but limited such challenges to *one* judge, even in a court with several divisions. See *Gerhart Realty Co. v. Weiter*, 108 Mo.App. 248, 83 S.W. 278 (1904); *Eudaley v. Kansas City, Ft. S. & M. R. Co.*, 186 Mo. 399, 85 S.W. 366 (1904).

In 1921, however, the basic statute on civil change of venue was modified to allow a challenge to a judge or *judges* for prejudice. This change meant that in a county where all the judges on a court with a single division were challenged, the cause had to be transferred to a different county unless an agreement on a special judge was made between the parties. *Clark v. Atchison, T. & S. F. Ry.*, 319 Mo. 865, 6 S.W.2d 954 (1928) and *Gauck v. Advance Finance Co.*, 17 S.W.2d 576 (Mo.App.1929).

The 1921 change did not apply to certain counties, such as Jackson County, which had their own peculiar change of venue statutes because of their unique size and population concentration. In these counties, transfers were allowed from one division of the circuit court to another, but only one such transfer was permitted. *State ex rel. Payne v. Pence*, 240 S.W. 443 (Mo. banc 1922); *Leimer v. Hulse*, 352 Mo. 451, 178 S.W.2d 335 (1944). The modern civil procedure rules, including 51.06 which governs this case, preserve the distinction between circuits of different size, but unify the rule that *only* one application for transfer for change of venue will be allowed. Rule 51.-06(a), (b)(1)(2).

The criminal change of venue statutes underwent a similar transformation, but the same basic distinctions were preserved. While certain of the statutes seemed to imply that a criminal defendant could challenge more than one judge, see §§ 2127, 2130 RSMo 1929, the cases uniformly held that in a circuit court with more than one division, only one transfer between divisions was allowed. *State v. Wagner*, 311 Mo. 391, 279 S.W. 23 (1925); *State v. De Shon*, 334 Mo. 862, 68 S.W.2d 805 (1934); *State v. Pierson*, 343 Mo. 841, 123 S.W.2d 149 (1938).

Modern criminal rules of procedure 30.12–30.16 provide the guidelines for the disqualification of a judge on his own motion, or on the motion of a defendant. Differences in the procedure depend, as they do in the civil area, on the size and composition of the circuit court in any particular county. The rule remains that only one challenge to a judge for prejudice is allowed in a criminal case. *State ex rel. Oswald v. Buford*, 518 S.W.2d 690 (Mo.App.1975). *State ex rel. Johnson v. Green*, 452 S.W.2d 814 (Mo. banc 1970).

It is not surprising that the circuit judge was perplexed with the dilemma presented by the application disqualifying both judges of the circuit. The many changes in the statutes relating to change of judge over the years would be persuasive of the view that almost every factual variation with respect to the request for change of venue would have occurred. However, the parties have not cited any case similar to the instant one. Independent research has not disclosed any case where the application for change of judge has been denied when the application sought more relief than the statute permitted. In the course of the development of that statutory law, some cases arose in which applications for disqualification of more than one judge were made in circumstances where the existing statutory law permitted disqualification of only a single judge in a multi-judge setting. The closest case which deals with the problem is *Gerhart Realty Co. v. Weiter, supra*. In that case, arising in the City of St. Louis, defendant applied for a change of venue, alleging that the judge in the division where the suit was pending was prejudiced, and then continued to assert prejudice against all of the ten judges of the ten divisions of the Circuit Court of the City of St. Louis. The appellate court pointed out that under the existing law, it was improper to charge prejudice against any judge other than the one to whom the application was addressed. In that case, the judge who received the erroneous affidavit disqualified himself and transferred it to another division of the City of St. Louis Circuit Court. The reviewing court affirmed the judgment

against the defendant who had sought the improper change and said:

"The affidavit was sufficient to disqualify the presiding judge, who so ruled, and transmitted the cause to Division No. 5 for trial." *Gerhart, supra* 108 Mo.App. at 279, 83 S.W. at 279.

The same result has been reached in criminal cases. In *State v. De Shon, supra,* the defendant attempted to disqualify all three of the judges of the Circuit Court of Buchanan County. The trial judge who had the case assigned to him disqualified himself but refused to disqualify the other two judges, and the defendant appealed; the Supreme Court held that the trial court had acted properly.

To the same effect is *State v. Pierson, supra,* which cited *De Shon, supra.* In the *Pierson* case, the defendant had not alleged prejudice against all of the judges of the circuit. The trial court acting on the motion transferred the case to a judge against whom prejudice was not charged.

The steady course of development of the law with respect to the disqualification of the judge assigned to the case has continued along two courses: first, to make technical requirements for such applications less onerous and restrictive, and second, to include requirements with respect to timeliness and dispatch by providing for time limits within which such motions can be filed.

This court has recently had occasion to consider the application of Rule 51.05 to a Rule 27.26 proceeding in *Fulsom v. State of Missouri,* 573 S.W.2d 116 (Mo.App.1978) [No. KCD29738, filed October 30, 1978]. In that case, the trial judge who received notice of the movant's claim with respect to disqualification of the judge by its inclusion in the motion itself denied disqualification, and the cause was reversed. This court held that the trial court's finding that there was no service of the request for change of judge under Rule 51.05(c) was in error since Rule 27.26(e) provided that the motion under Rule 27.26 should be forwarded to the prosecuting attorney as soon as filed, and the inclusion of the request for change of judge in the motion was equivalent to the notice to the prosecuting attorney of that request. *Fulsom* represents the view of modern cases with respect to requests for change of judge and demonstrates the trend towards eliminating technical grounds for denial of such requests.

■ In all the circumstances, this court believes that the trial judge, confronted with an application such as the one in the instant case, should disregard the attempt to disqualify judges other than the judge assigned, but looking to the substance of the request, disqualify himself and follow the usual procedure of transferring the cause to another judge within the circuit. In view of this determination, it is necessary to reverse and remand this case for another hearing on movant's proceeding under Rule 27.26 because our ruling that the trial judge should have disqualified himself means that he was without jurisdiction to proceed further, and the proceedings before him thereafter are without effect.

Reversed and remanded with directions to enter an order transferring the cause from Division One of the 17th Circuit in accordance with Rule 51.05(e).

All concur.