**William R. YEAGER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 41649.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 15, 1980.

Gary L. Robbins, Public Defender, Jackson, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Movant appeals from a denial of his third Rule 27.26 motion. Movant contends that at the time Circuit Judge Stanley Grimm ruled on his motion, he was without jurisdiction to do so because movant had filed an application for change of judge along with his motion.

The record reveals that in January of 1974, movant entered a plea of guilty before Judge Grimm to the charge of robbery first degree. The prosecuting attorney, A. J. Seier, made no recommendation as to sentence, and Judge Grimm sentenced movant to serve a term of 15 years in the Department of Corrections. At that time, Circuit No. 32 was a one judge circuit. In January, 1977, it became a two judge circuit and prosecuting attorney Seier became the second judge. At the time of the filing of his present Rule 27.26 motion, Judge Grimm was judge of Division 1, Judge Seier was judge of Division 2, with Judge Grimm being the presiding judge. Subsequent to movant's incarceration in the Department of Corrections, he filed a Rule 27.26 motion on February 2, 1977, and a second 27.26

motion on February 28. Both motions were acted upon and denied by Judge Grimm.

Movant's present Rule 27.26 motion was filed on January 22, 1979. Simultaneous with the filing of the motion, movant filed an Application for Change of Judge, pursuant to Missouri Supreme Court Rule 51.05 and requested "the court to withdraw from the case." Movant did not name Judge Grimm in this application. In the body of the motion to vacate, however, movant contended that past rulings of Judge Grimm indicated that "the court has become an active partisan in the case and should have disqualified himself as *movant has now requested that he do.*" (Emphasis ours).

On January 24, 1979, Judge Grimm entered an order finding the movant indigent and appointed an attorney, the public defender, for movant. He also granted movant 40 days in which to file an amended motion. (Record reveals that attorney subsequently indicated that movant would not amend.) The case was then assigned to Judge Seier, who, ruling upon movant's motion to disqualify the court, disqualified himself, and assigned the case to Division 1. Then, on May 11, 1979, Judge Grimm filed findings of fact and conclusions of law and denied movant's motion.

In its findings, the court determined that it was unnecessary to hold an evidentiary hearing because all the matters presented in movant's third motion were either raised in his previous motions and considered by the court or could have been raised. Subsequent to the filing of the findings and conclusions, a motion and an amended motion to set aside the findings of fact and conclusions of law were presented raising the question of jurisdiction of Judge Grimm to rule on the 27.26 motion. They were denied.

It has been held that when a proper motion to disqualify a judge is filed, he should disqualify himself and if he fails to do so and proceeds, he acts without jurisdiction. *Hontz v. State*, 574 S.W.2d 522, 525 (Mo. App.1978). The present direction of the law is to remove the technical barriers to the disqualification of judges and *Hontz* recognizes this trend. 574 S.W.2d at 525.

We agree with movant that Judge Grimm should not have ruled on his 27.26 motion. A reading of the motion, in conjunction with the Application for Change of Judge, leaves no doubt that movant intended to disqualify Judge Grimm. It is unfortunate that this fact was not brought to Judge Grimm's attention before he acted on the motion. No doubt this was a result of the volume of business that the Public Defender's Office and the Circuit Courts handle. Since Judge Grimm had no jurisdiction to act, the case must be reversed and remanded.

Reversed and remanded with directions to enter an order transferring the case from Division 1 in accordance with law.

DOWD, P. J., and CRIST, J., concur.