STATE of Missouri ex rel. Steven Lee
CARVER, Relator,

v.

The Honorable Dean WHIPPLE, Judge,
Circuit Court, Laclede County,
Respondent.

No. 61810.

Supreme Court of Missouri,
En Banc.

Dec. 15, 1980.

Kenneth M. Romines, Clayton, Mark Kempton, Sedalia, for relator.

Missouri Assoc. of Criminal Defense Lawyers, Philip H. Schwartz, Kansas City, for amicus curiae.

William G. Johnson, Versailles, for respondent.

RENDLEN, Judge.

Prohibition, to restrain respondent, the Honorable Dean Whipple, Judge of the Circuit Court of Laclede County, from arraigning relator on a charge of murder first degree. Our jurisdiction to determine original remedial writs is found in Art. V, § 4(1), Mo.Const.

On May 3, 1976, Steven Carver, relator herein, and Robert B. Newman were jointly charged with capital murder of a woman shot during a holdup of Nolting's Department Store in Stover, Missouri. A first amended information was substituted, charging Carver with first degree murder under § 559.007, RSMo Supp.1975. Pursuant to a plea bargain struck with the prosecutor, a second amendment information was filed charging Carver with first degree robbery accompanied by the prosecutor's recommendation for sentence of 25 years imprisonment in exchange for Carver's guilty plea and agreement to appear as a State's witness in the trial of Newman. Complying with the agreement, Carver pled guilty and later testified against Newman. In accordance with Rule 25.04 (1976), now Rule 24.02 (1980), the trial judge, respondent here, determined Carver's plea had a factual basis and was knowingly, voluntarily and understandably made, the plea was accepted and a 25 year sentence imposed. Throughout those proceedings, Carver was represented by Kenneth M. Romines who, by court appointment, is again Carver's counsel representing him in the instant case.

After serving three years of his sentence, Carver filed a motion *pro se* to set aside his guilty plea pursuant to Rule 27.26. Appearing for the State, the prosecutor, William G. Johnson confessed the motion, and without a hearing the trial judge reopened the case and appointed Romines to again represent Carver. When the case was called on October 23, 1979, Johnson requested leave to withdraw the second amended information to which Carver had pled guilty and to proceed on the first amended information charging murder in the first degree. The trial court indicated an intention to grant the State's request, but allowed de-

fense counsel time to seek prohibition. Denied relief in the Court of Appeals, Southern District, Carver petitioned here to prohibit the trial court from proceeding to trial on the first amended information.

In his brief, Carver alleges (1) double jeopardy as a bar to trial on the first degree murder charge, after his plea to first degree robbery has been vacated, and (2) that trying relator for first degree murder would be violative of due process and in excess of the Circuit Court's jurisdiction "because the higher charge is being maintained only as the result of the vindictiveness of the prosecutor." We do not reach these constitutional questions, as they are not essential to our resolution of the cause, *City of St. Joseph v. Christgen*, 513 S.W.2d 458, 459 (Mo.1974); *United Air Lines, Inc. v. State Tax Commission*, 377 S.W.2d 444, 452 (Mo. banc 1964), instead, we make our preliminary writ absolute for reasons not raised in the briefs but urged for the first time during oral argument. Given the discretionary nature of the prohibition remedy, this Court may accept limitations on the issues or examine new points not offered *ab initio*. See *State ex rel. Missouri Public Service Co. v. Elliott*, 434 S.W.2d 532, 536–537 (Mo. banc 1968). Moreover, an appellate court, considering prohibition, is not completely circumscribed by the prayer in relator's petition. *State ex rel. Boll v. Weinstein*, 295 S.W.2d 62, 67 (Mo. banc 1956).[1]

In his Rule 27.26 motion, Carver requested, in a form proper under Rule 51.05,[2] disqualification of the trial judge. Upon proper application for recusal, Rule 51.05 mandates that the judge sustain the request and venture no further in the cause other than securing transfer to another judge. See, Rule 51.05(e); *State ex rel. Jakobe v.*

*Billings*, 421 S.W.2d 16, 18 (Mo. banc 1967); *State ex rel. Musser v. Dahms*, 458 S.W.2d 865, 868 (Mo.App.1970); As disqualification is mandatory, "he exceeds his jurisdiction when he refuses to do so . . ." *In Matter of Buford*, 577 S.W.2d 809, 826 (Mo. banc 1979).

Because respondent ignored or improperly refused relator's application for disqualification, his further action to the substantive matters, disposing of the Rule 27.26 motion, was without jurisdiction. *Hontz v. State*, 574 S.W.2d 522, 525 (Mo. App.1978); *Commercial Credit Equipment Corp. v. Colley*, 485 S.W.2d 625, 628 (Mo. App.1972). Hence, the order setting aside relator's plea was a nullity, and respondent is ordered to vacate the judgment as void *ab initio*, and to take no further action except to comply with the requirements of Rule 51.05(e).

Further, we recognize the need for certain admonition respecting the hearing to be held on Carver's Rule 27.26 motion. When filed, the prosecutor confessed the motion and the trial court ordered Carver's plea set aside without hearing or findings on the motion. During oral argument before this Court, counsel for both parties conceded the summary nature of the proceedings below. Defense counsel called the action "a sham" and the prosecutor admitted his motive was solely "to convict [Carver] of a higher charge and to hope for a higher penalty." When the motion was ruled without hearing, apparently little attention was given to the possibility that the "facts" alleged were false.

A court has no inherent authority to set aside its own final judgment. *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692, 695 (Mo. banc 1979). While Rule 27.26

---

1. In *State ex rel. Boll v. Weinstein*, 295 S.W.2d 62 (Mo. banc 1956), plaintiff–relator sought mandamus ordering a second court to return the cause to the original court and prohibition restraining the first court from transferring the cause to the second court. Respondent contended the cause should be retained in the second court. Because venue in the original court had been improper, nullifying service on

defendant, we issued both writs but directed the first court to dismiss the case. Our order conformed to neither party's request.

2. In this civil proceeding, the incidents of Rule 51.05 accrue to a prisoner in his quest for relief under Rule 27.26. *Hontz v. State*, 574 S.W.2d 522, 525 (Mo.App.1978); *Fulson v. State*, 573 S.W.2d 116, (Mo.App.1978).

carves an exception to this tenet in certain designated cases, the Rule commands at least a minimal respect that it not be employed disingenuously to vacate a valid conviction for ulterior purposes. It is not enough that the parties agree the judgment be vacated. Support for our thesis may be drawn from the mandate of subsection (i), that "[t]he court *shall* make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." Rule 27.26(i). (Emphasis added.) Thus, Rule 27.26 clearly envisages setting aside a decree only when the facts and law sustain a ground set forth in the rule for vacating the judgment and this includes full consideration of the "files and records of the case." While Carver's averments in his motion may have merit, there is nothing in the record supportive of the trial court's ruling, particularly in view of the obvious questions of fact engendered by Carver's allegations and more particularly in view of the record of the plea hearing which would seem to stand squarely athwart his allegations.[3]

■ The importance of considering a Rule 27.26 motion on its merits is further highlighted by the claim (not unusual to such motions) of ineffective assistance of counsel. Granting the motion without careful regard to such charge of Sixth Amendment violation, seems neither fair to defense counsel so disparaged nor likely to produce a just result required by the law.

Our preliminary writ is made absolute and respondent is directed to enter an order transferring the cause in accordance with Rule 51.05(e).

DONNELLY, SEILER, WELLIVER, MORGAN and HIGGINS, JJ., concur.

BARDGETT, C. J., concurs in result.

**3.** The Rule 27.26 motion asserted seven grounds for relief thereunder: (1) as the amended information was not authorized by law, the trial court had no jurisdiction to proceed on the robbery charge; (2) counsel was ineffective in that he knew the prosecutor had threatened Carver yet advised him to fabricate by not telling this to the court; (3) Carver's plea was involuntary because of threats by the prosecutor; (4) defense counsel and the prosecutor collusively induced Carver to lie to the court regarding his plea; (5) counsel was ineffective in that he failed to inform Carver that in order to obtain a robbery conviction, the State would have to prove the victim was placed in fear; (6) counsel was ineffective in that he failed to tell defendant the State could not show the jury the dangerous and deadly weapon since Carver was not charged with this type of robbery; and, (7) counsel was ineffective in that he permitted the preliminary hearing to be held jointly with Carver's co-defendant.