**In the Matter of F. Z., Appellant.**

No. 42807.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 24, 1981.

Colson, Wagner & Freer, James G. Freer, Farmington, for appellant.

Gary E. Stevenson, Farmington, John Ashcroft, Atty. Gen., Teresa Aloi Angle, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Civil action for involuntary commitment to a mental health facility pursuant to § 202.121 et seq., RSMo 1978, in which the trial court ordered the appellant to be detained for involuntary treatment for a period not to exceed one year.

On January 3, 1980, testimony was offered by the state to show that appellant was mentally ill and, as a result thereof, presented a likelihood of physical harm to himself and others. Appellant attended the hearing and was represented by a court-appointed legal counsel.

Before the hearing, the trial judge informed the appellant that the judge's wife was, at that time, employed by Farmington State Hospital, the mental health facility at which appellant was a patient. The judge pointed out that his wife had come into contact with appellant and advised appellant that he could request a different judge to preside over the matter. Appellant did not thereafter seek to disqualify the trial judge.

■ Appellant challenges the qualifications of Dr. Usha Manusmare and, thereby, the admission of her testimony as an expert. The evidence showed that Dr. Manusmare was employed as a physician at Farmington State Hospital. Appellant had been under her care for approximately five months and, during this period of time, she met with him at least once a week. Appellant's counsel cross-examined the doctor in great detail concerning the factual basis for her medical opinion that appellant is delusional and schizophrenic. Appellant did not challenge, nor object to, the qualifications of Dr. Manusmare as an expert. Once the evidence showed that Dr. Manusmare was a physician employed by Farmington State Hospital, it was incumbent upon appellant to object to, or challenge, her qualifications in the event that he was not satisfied. *Earney v. Clay*, 516 S.W.2d 59, 65 (Mo.App. 1974); *Wardin v. Quinn*, 324 S.W.2d 151, 155 (Mo.App.1959). By failing to object or challenge the qualifications, appellant has failed to preserve this point for review. Appellant does not seek review of the admission of Dr. Manusmare's expert testimony as "plain error" pursuant to Rule 84.-13(c). We find no abuse of discretion in the admission of this testimony.

■ Appellant next complains that the trial court should have disqualified itself on its own motion. We find no error. Neither party sought the court's disqualification, and the record does not reflect facts which warranted or required disqualification without application under Rule 51.07. *State v. Faber*, 499 S.W.2d 790, 793 (Mo.1973); *Autenrieth v. Schaff*, 271 Mo. 248, 196 S.W. 1129 (1917).

■ Appellant argues that the evidence was insufficient to support his continued detention. Section 202.143.2, RSMo. 1978, provides the standard of proof at the commitment hearing shall be by clear, cogent and convincing evidence. This requires the court to "be clearly convinced of the affirmative of the proposition to be proved." *Grissum v. Reesman*, 505 S.W.2d 81, 86 (Mo.1974). The trial court properly authorized, on January 3, 1980, the appellant's continued detention and treatment at Farmington State Hospital, for an additional period not to exceed one year, based upon the following evidence.

Dr. Usha Manusmare testified that appellant had been under her care for approximately five months, during which time his mental condition had not changed. Appellant's behavior was argumentative, sarcastic and hostile. Appellant had experienced both suicidal and homicidal ideations and admitted to having auditory hallucinations. Appellant was often verbally aggressive, exhibiting looseness of associations. He had various delusions and was capable of physically harming others. In her opinion, appellant suffered from a mental illness which impaired his mental processes and could distort his perception of reality. Appellant was a paranoid schizophrenic.

A psychiatric social worker at Farmington State Hospital testified as follows: He had known the appellant as a patient at the hospital for approximately seven months. He had observed appellant become physically aggressive, during that time, on at least one occasion. He recalled a conversation he had with appellant concerning the scheduling of appellant's commitment hearing, during which time appellant became angry and upset, striking him several times. Appellant had threatened to inflict physical harm on hospital staff members and patients. He was generally argumentative toward the professional staff. He got along fairly well with the hospital aides and patients.

Appellant's own testimony was, as follows: He believed that mentally retarded persons should be put to death. His mission was to change the law to provide a legal basis for killing mentally retarded people. He indicated that given the present state of the law which makes it illegal to kill anyone, retarded or not, he would, if the opportunity arose, kill a mentally retarded person. He attempted to choke a mentally retarded patient. He heard voices and continues to hear them. He was verbally abusive and aggressive toward hospital staff. His attitudes toward the staff was usually related to his treatment at the hospital and the administration of his medications.

The trial court found on January 3, 1980, that appellant suffered from a mental illness and that, as a result of such illness, he continued to present a likelihood of serious physical harm to himself or others. The court properly authorized the appellant's continued detention and treatment at Farmington State Hospital for an additional period not to exceed one year. The evidence above-cited shows little question but that the appellant suffered from a mental illness, and, as a result, continued to present a likelihood of serious physical harm to himself or others.

Although appellant argues that there is insufficient evidence, in the record, of prior commitment orders upon which to base his further detention, we find this argument to be without merit. There is sufficient evidence in the record to show that appellant was properly committed prior to January 3, 1980. Appellant was, therefore, properly committed, on January 3, 1980, for a period not to exceed one year under § 202.147 which provides:

At the end of any commitment period ordered by the court pursuant to Section 202.121 to 202.147; the respondent shall be discharged unless a petition for further commitment is filed and heard in the same manner as provided herein. Successive one-year commitments are permissable on the same grounds and pursuant to the same procedures as the initial one-year commitment.

Pursuant to a petition filed with the court below, he was committed on December 30, 1980 to another (successive) one-year detention period under § 632.360, RSMo.1980. Section 632.360, RSMo.1980 embodies substantially the same procedure as outlined in § 202.147, RSMo.1978.

Appellant's continued detention at Farmington State Hospital was properly authorized on January 3, 1980 in accordance with the applicable statutes herein mentioned.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.