Michael David **MANIS**, Movant,

v.

**STATE of Missouri**, Respondent.

No. 13136.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 4, 1983.

Peter N. Sterling, Public Defender, Rolla, for movant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Presiding Judge.

The appellant was sentenced to seven years imprisonment upon a plea of guilty to a charge of armed robbery. His motion under Rule 27.26 alleges the plea was invalid because he was misinformed concerning the law, he was under the influence of drugs, he was threatened with excessive punishment and the state withheld exculpatory evidence. After a hearing, that motion was denied. On appeal, his one point is that the trial judge who heard the motion erred in not disqualifying himself. That point has the following background.

The pro se motion was prepared upon the usual form. On the first page, he has a paragraph captioned "Motion for Disqualification of Judge." That paragraph reads as follows: "Comes now, movant and pursuant to Rule 51.05, State ex rel. *Carver v. Whipple,* 608 S.W.2d 410 (Mo.banc 1980) and would move the judge to disqualify himself." When the motion was filed, it was assigned to the division of the judge who had imposed the sentence. That judge disqualified himself and the cause was transferred to a different division.

This was followed by a letter from the appellant to the second judge. In that letter, the appellant said the judge was prejudiced and must disqualify. It is difficult to discern from the arrogant, accusatory letter the asserted reasons for the prejudice. However, they seem to be the fact the judge failed to provide him with records in another case and had been endorsed as a witness in respect to a perjury charge against appellant. He threatened the judge with a federal suit for damages and charges before the Commission on Retirement, Removal and Discipline. He made other threats including the disbarment of able counsel who represented him upon his plea. The record also contains copies of similar letters to the Missouri Supreme Court.

Counsel was appointed for the appellant. At the hearing on the 27.26 motion, the appellant made an oral motion for the judge's disqualification. He offered no evidence on that oral motion. He stated the basis to be the fact that the judge had been

endorsed as a witness in respect to a charge of perjury. The perjury charge was never tried. The trial judge recalled that the appellant had been tried on two charges of first degree robbery in his division. He had no knowledge he had been endorsed as a witness. He further stated that his testimony, had he been called as a witness, would have been limited to formal matters. He found no reason he could not properly hear the 27.26 motion and proceeded to do so.

 The appellant first states that his original motion for disqualification set forth in his 27.26 motion was what he terms a general motion. In his brief he states he did not know to which judge the case would be assigned. Therefore, he argues the disqualification upon the general motion should not count. So, he continues, he was entitled to peremptorily disqualify the second trial judge. The appellant's own actions defeat this argument. Rule 51.05 is applicable to proceedings under Rule 27.26. *Hontz v. State,* 574 S.W.2d 522 (Mo.App. 1978). His language in his original motion was sufficient to invoke the peremptory disqualification provided by that rule. *Fulsom v. State,* 573 S.W.2d 116 (Mo.App.1978). The authority he cited made mandatory disqualification by the first trial judge. *State ex rel. Carver v. Whipple,* 608 S.W.2d 410 (Mo.banc 1980). The appellant by his original motion chose to invoke Rule 51.05. He is bound by that action. He was entitled to but one peremptory disqualification. *Hontz v. State,* supra.

 The appellant next argues the trial judge erred in not disqualifying himself. He cites cases dealing with a fair trial such as *Estes v. Texas,* 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965). He relies upon his unsupported charges and threats in his letters. Of course, there are circumstances in which a trial judge should disqualify himself. *Matter of F.Z.,* 612 S.W.2d 904 (Mo.App.1981). But, such circumstances cannot be self created by unsupported charges and threats no matter how irresponsible and scurrilous. To countenance such action would disrupt the system of the

assignment of judges. If, in fact, no reason for disqualification exists, the trial judge is under a duty to hear the matter however much he would personally like to remove himself from the case. *State v. Singh,* 586 S.W.2d 410 (Mo.App.1979). The record is "devoid of any evidence of prejudice on the part of the trial judge. He proceeded properly in all respects." *Collector of Rev., Etc. v. Parcels of Land, Etc.,* 566 S.W.2d 475, 478 (Mo.banc 1978).

It is appropriate to observe the record of the hearing demonstrates the trial judge acted fairly in all respects. *State v. Tyler,* 587 S.W.2d 918 (Mo.App.1979). This court has also considered each point in the motion under Rule 27.26. The trial court correctly determined that none of those points has merit. The motion was properly denied. The judgment is affirmed.

HOGAN and PREWITT, JJ., concur.