**Eugene HOLT, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 13883.**

Missouri Court of Appeals,
Southern District,
Division Three.

March 19, 1985.

David Robards, Joplin, for movant-appellant.

William L. Webster, Atty. Gen., Mark A. Richardson, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Judge.

Eugene Holt was jury-convicted of second degree murder in the Circuit Court of New Madrid County. His conviction and sentence to life imprisonment was affirmed on appeal. *State v. Holt*, 592 S.W.2d 759 (Mo. banc 1980). This appeal concerns Holt's objection to the court nisi's dismissal of his pro se Rule 27.26 [1] motion without an evidentiary hearing based upon the state's "Motion to Dismiss or For Summary Judgment."

Holt, now movant, on November 29, 1983, filed his pro se Rule 27.26 motion in the Circuit Court of New Madrid County in form mandated by the Appendix to the rule. On the first page of the motion following the printed instruction that "This motion must be filed in the Circuit Court which imposed sentence," appeared two typewritten paragraphs added to the form by movant. The second such paragraph (the first being for appointment of counsel) reads: "II. MOTION FOR DISQUALIFICATION OF JUDGE, *STATE EX REL. CARVER v. WHIPPLE*, 608 S.W.2d 410 (Mo. Banc)."

On December 5, 1983, the prosecuting attorney filed a "Motion to Dismiss or For Summary Judgment" directed at movant's Rule 27.26 motion. On January 19, 1984, movant filed "Response to the Motion to Dismiss Requesting Appointment of Counsel For Further Proceedings Under Rule 27.26." This response was filed pro se, notwithstanding that, as indicated on the docket sheet for the case, counsel was appointed for movant on November 30, 1983.

There never was a disqualification of the circuit judge of New Madrid County as moved for by movant on the first or front page of his Rule 27.26 motion. The record here also shows no compliance with the mandatory requirements imposed upon appointed counsel as set forth in Rule 27.-

---

**1.** References to rules are to V.A.M.R.

26(h). Clearly, there was no effort made by said appointed counsel (different from the one now representing movant on appeal) to cause the judge's disqualification as required by Rule 51.05. Neither did the attorney undertake to amend the pro se motion. Although some seven months elapsed between the lawyer's apparent appointment and when the state's motion was argued July 17, 1984, with movant absent, there is no suggestion in the material forwarded this court that movant's then counsel had ever corresponded or conferred with movant regarding the motions or any related problems.

A point relied on by movant on appeal is that the trial court erred in disposing of movant's Rule 27.26 motion because when movant moved for disqualification of the judge that judge was thereafter without jurisdiction to proceed in the case and, therefore, the actions taken by said judge were a nullity. We agree.

The state's only challenge to this point is that no error appeared because movant's statement was inadequate to disqualify the judge in that it stated only: "Motion for Disqualification of Judge, *State ex rel. Carver v. Whipple*, 608 S.W.2d 410 (Mo. banc)." We disagree.

In *Fulsom v. State*, 573 S.W.2d 116, 117 (Mo.App.1978), it was claimed there was no "attempt to comply with Rule 51.05" because the Rule 27.26 motion only sought disqualification of the judge. The judgment entered by the "disqualified" judge was reversed and remanded for, as observed in *Hontz v. State*, 574 S.W.2d 522, 525 (Mo.App.1978), "*Fulsom* represents the view of modern cases with respect to requests for change of judge and demonstrates the trend towards eliminating technical grounds for denial of such requests." The second paragraph added to the Rule 27.26 motion here was labeled "Motion for Disqualification of Judge." While there may be some technical distinction between "change" and "disqualification" of a judge, we are not prone to hold a pro se movant to knowledge of such, as both seek the same end. We cannot conceive that the state is

serious when it says the second paragraph added to the Rule 27.26 pleading did not constitute a "motion" because there was "no motion in the record nor attached to the petition seeking to disqualify the Judge." We know of no rule or requirement mandating that such a motion be separately submitted. Likewise, the omission to specifically refer to Rule 51.05 cannot defeat movant's quest, for the case cited, *State ex rel. Carver v. Whipple*, supra, is steeped with references to and the requirements of said rule. In other words, "The authority [movant] cited made mandatory disqualification by the ... trial judge." *Manis v. State*, 659 S.W.2d 337, 339 (Mo. App.1983). In *Fulsom*, supra, as here, the trial judge received notice of movant's claim with respect to disqualification of the judge by its inclusion in the motion itself and, on appeal, it was noted that Rule 51.05 requires the judge sought to be disqualified to sustain the motion and transfer the cause to another judge to try the case.

The judgment is reversed and the cause is remanded. Movant's request for oral argument is denied.

PREWITT, C.J., and FLANIGAN and MAUS, JJ., concur.

CROW, P.J., concurs in result only and files opinion.

CROW, Presiding Judge, concurring.

I concur in the result but am troubled by the haziness surrounding the change of judge issue presented by the record before us. The only indication in the record that appellant desired to exercise his right under Rule 51.05 to a change of judge is the cryptic paragraph numbered "II" on the first page of his motion. That paragraph is quoted in full in the majority opinion. The paragraph was, of course, placed on the motion before it was filed and, consequently, before the matter was assigned to any judge.

Judge Bailey, who entered the judgment whence comes the instant appeal, was not the judge who presided at the trial which

resulted in the underlying conviction.[1] Indeed, Judge Bailey was not a circuit judge during the time those proceedings were pending, having become circuit judge in 1981. Official Manual, State of Missouri, 1983–1984, p. 238.

At the time appellant's motion to vacate was filed, Judge Bailey was the only circuit judge of Judicial Circuit 34, comprising New Madrid and Pemiscot Counties. § 478.160, RSMo 1978. It may therefore be that appellant anticipated his motion to vacate would be heard and determined by Judge Bailey,[2] that he (appellant) did not want the matter to be adjudicated by Judge Bailey, and that paragraph "II" on the first page of appellant's motion was an effort by appellant to exercise his right under Rule 51.05 to the *one* change of judge to which he was entitled. Rule 51.06(a).

Whether the foregoing was in fact what appellant had in mind is uncertain, however, as there was no protest by appellant's attorney to Judge Bailey when the arguments on the State's motion to dismiss or for summary judgment were heard by Judge Bailey on July 17, 1984.[3] One could reasonably assume that if appellant was truly serious about a change of judge from Judge Bailey, some mention of the matter would have been made by appellant's attorney at the start of that hearing.

Be that as it may, in order to avoid problems of this nature in the future, the trial courts could, when faced with motions to vacate prefaced by paragraphs such as paragraph "II" of appellant's motion, ascertain at the outset that the moving party is aware of the identity of the judge to whom the motion has been assigned and that such judge is indeed the one from whom such party seeks the lone change to which he is entitled.

1. Hon. A.J. Seier, as Special Judge, conducted that trial. *State v. Holt*, 592 S.W.2d 759 (Mo. banc 1980).

2. In addition to Judge Bailey, the Circuit Court of New Madrid County has an associate circuit judge, thus it is possible the matter could have been assigned to him. § 478.240.2, RSMo 1978.

Inasmuch as it is at least inferable from the record in the instant case that appellant anticipated his motion to vacate would be assigned to Judge Bailey and that it was Judge Bailey from whom appellant desired a change of judge, I cannot disagree with the result reached by the majority opinion. I therefore concur in the result.

3. As noted in the majority opinion, the attorney representing appellant on this appeal is not the attorney who represented appellant at the hearing before Judge Bailey, and appellant was not brought to court for that hearing.