**In the Matter of Gwendolyn BROWN, Respondent, a person alleged to be mentally ill.**

No. 54228.

Missouri Court of Appeals, Eastern District, Division Three.

March 1, 1988.

Edward M. Pultz, Farmington, for Gwendolyn Brown.

Kevin B. Behrndt, St. Louis, for petitioner.

KAROHL, Presiding Judge.

On January 7, 1988, Respondent (statutory description), Gwendolyn Brown, an individual against whom involuntary civil detention proceedings were instituted pursuant to Chapter 632 RSMo 1986, was ordered detained at Southeast Missouri Mental Health Center, [S.M.M.H.C.] for involuntary treatment for a period not to exceed ninety days. Section 637.350.5 RSMo 1986. Prior to the entry of this order the court had entered an order for detention not to exceed twenty-one days. Section 632.335.4 RSMo 1986. The order followed a petition for additional detention authorized by Section 632.340.2 RSMo 1986. It was filed by Dr. A.G. Alias, a senior psychiatrist, in his capacity as Designee of the head of mental health for S.M.M.H.C. The court found that respondent is a resident of Phelps County; she had been involuntarily evaluated and treated at S.M.M.H.C. for a mental illness and by reason of such mental illness presented a likelihood of serious physical harm to herself or others, and thus in need of continued detention and treatment.

Respondent appeals claiming petitioner failed to prove by clear and convincing evidence she had a mental illness or that there was a risk of serious physical harm to herself or others, or, if there was proof of a likelihood of serious physical injury to herself or others the evidence did not support a finding that mental illness caused the danger. She also claims failure of proof that S.M.M.H.C. is the least restrictive environment for treatment as required by Section 632.350.5. The latter claim was not contested during the required hearing and we summarily reject the claim because by unopposed testimony Dr. Alias testified the facility was the least restrictive environment for care required by the circumstances and no such claim was made at the hearing.

The order was entered on January 7, 1988. The appeal was filed on January 11, 1988. The appeal was expedited by order of this court which established a shortened period for briefing and docketing for oral argument in compliance with Section 632.-430.1 RSMo 1986.

We observe generally that Chapter 632, Comprehensive Psychiatric Services, contains numerous procedural safeguards for a respondent where involuntary hospitalization is deemed appropriate, Section 632.-300.2 RSMo 1986, or additional detention may be required. Specific time limits are set by the hour or by the day; notification to respondent is required; an attorney must be provided at the expense of the State Court Administrator if respondent is unable to pay, Section 632.415.2 RSMo 1986, and appeals shall be expedited. In addition, any person detained under this Chapter is entitled to apply for a Writ of Habeas Corpus.

We also observe that there is no contention that the proceedings were instituted or prosecuted for any ulterior improper motive.

The background facts are not in dispute. Some are available through the testimony of respondent. Respondent is thirty-two years of age. She was hospitalized in a mental institution from age ten to age twenty-three. She has been admitted to the St. Louis State Hospital as many as forty times and has been treated at Malcolm Bliss Mental Health Center in St. Louis no less than four times. In October of 1987, she left the home of her half-sister located in Phelps County and temporarily resided with friends. Two weeks thereafter she found a place to live in Rolla, Missouri, where she lived alone. She was treated at a stress center hospital in Rolla and from there transported to S.M.M.H.C. While residing with her half-sister she was a patient of Dr. Don James of Rolla who treated her for epilepsy.

Dr. Alias previously testified in support of the petition as did Dr. Usha P. Manusmare. The latter is also employed at S.M. M.H.C. and was acquainted with respondent from prior admissions. The record does not disclose that respondent requested the appointment of a licensed physician not associated with S.M.M.H.C. as authorized by Section 632.345 RSMo 1986. Accordingly, the expert testimony is unopposed by conflicting opinions.

Dr. Alias testified in regard to the twenty-one day detention. He was her treating physician at the hospital from and after December 7, 1987. It was his opinion that respondent suffers from organic personality syndrome and epilepsy. In his view she continues to present a substantial likelihood of causing herself or others serious physical harm if released. He noted respondent verbalized suicidal thoughts. In his opinion she does not recognize the seriousness of recurrent epileptic seizures and takes required medication "at her whim." The seizures are very serious and life-threatening. She also exhibits angry outbursts, impulsive behavior and uncontrolled seizures. He acknowledged small improvement since the December 7, 1987, hospitalization. In his view "she has to be free from seizures continuously for at least thirty days. Otherwise it is very dangerous for her to go and live with her sisters." It appears that appreciation of the need for and faithful adherence to medication is required to remove the danger of serious physical harm. Further, unopposed testimony indicated that during the hospital-

ization it has been discovered that respondent is hard of hearing. According to the view of Dr. Alias the mental illness is not the cause of the epilepsy seizures but does have a causal relationship with the failure to appreciate the need to take necessary medication to limit the frequency and severity of the seizures.

Dr. Manusmare testified that respondent has limited I.Q., cannot read or write very well and has a hearing deficit. Dr. Manusmare confirms the mental illness diagnosis and need of care. He attributes her explosive personality in part to border-line intelligence and mental illness.

The head of a Mental Health facility, as petitioner, has the burden of proving the existence of mental illness, the likelihood of serious harm to respondent or others and that a facility appropriate to handle respondent's condition has agreed to accept respondent. The burden of proof shall be by clear and convincing evidence. Section 632.350.2 RSMo 1986; *Matter of F.Z.*, 612 S.W.2d 904, 905 (Mo.App.1981). The unopposed evidence established that respondent suffers from organic personality syndrome which is a mental illness defined in D.S.M.–III diagnostic criteria. Both experts so testified. Respondent's contention that limited intelligence and serious hearing impairment could have caused the symptoms is of no consequence in relation to sufficiency of proof of mental illness in the face of such evidence.

The same may be said of respondent's second contention that there was no proof that respondent was not exposed to a risk of serious physical harm. This risk is defined by Section 632.005.9(b) RSMo 1986. This definition includes "a substantial risk that serious physical harm to a person will result because of an impairment in his capacity to make decisions with respect to his hospitalization and need for treatment...." The unopposed testimony of both doctors was that respondent must know and appreciate the necessity of taking medication for the epileptic condition from which she suffers and that failure to do so is life-threatening. Respondent can remove the risk of serious physical harm by evidencing an appreciation of the danger from the failure to properly and timely take required medication for the epileptic condition. This can be done within the ninety day period provided by the order. Further, medical opinion on behalf of respondent can be provided if additional hospitalization is requested by physicians appointed by the court for respondent. The evidence before the court was sufficient to meet the required burden of proof that at the time of the hearing respondent's acts or failure to act regarding the medication for a chronic epileptic condition presented a risk of serious physical harm.

Finally, respondent offers an alternative contention that the evidence does not support a finding that the risk of serious harm is a result of the mental illness as required by Section 632.350.5 RSMo 1986. Respondent contends that any harm that exists is from the seizures due to epilepsy which is not caused by mental illness. The fault in this view is that it fails to consider that the evidence supports a finding that the mental illness, organic personality syndrome, is an existing condition which affects an appreciation of the necessity to properly and timely take required medication for the epileptic condition, whatever its cause. In the absence of proper medication respondent's physical condition becomes life-threatening. Under these circumstances the possibility of serious physical harm to respondent exists as a result of the diagnosed mental illness.

The unopposed medical opinions satisfy the clear and convincing burden of proof on all points and support the findings and order of the court for additional detention and treatment. The order is affirmed. The cause is remanded to the trial court for the limited purpose of consideration of motion of counsel for respondent for fees.

SMITH and KELLY, JJ., concur.