[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case comes before the court on the plaintiffs' post-verdict motions to set aside the jury verdict.
The trial was bifurcated, and issues of liability were tried first. On September 18, 1995 the jury returned a verdict in favor of the defendants in all liability issues. On October 2, 1995, the plaintiffs each filed a motion to set aside the verdict. Those motions were filed after October 1, 1995. Pursuant to Practice Book § 211, motions to set aside a verdict and motions that are arguable as of right, and, in the absence of 1) any indication of a desire for oral argument pursuant to P.A. § 211 or 2) any perceived need by this court for further explanation of the movant's claims, the motions will be decided on the papers.
The motions list a great many objections to evidentiary rulings and complaints about those rulings that were adverse to the plaintiffs at trial. The court ruled on these issues at trial.
Only three of these issues require further discussion. The first is the plaintiffs' complaint that the undersigned judge continued to preside over the jury trial after they had requested recusal several days into the evidence.
1) Disqualification
In the usual trial management conference conducted in chambers before the commencement of jury selection, Attorney Thomas Brown, counsel for plaintiff O'Shea, participated in discussion of scheduling issues and other trial management agenda items and then observed that perhaps the undersigned should not try the case because of a prior ruling on a discretionary motion. This court observed that deciding a motion at short calendar does not disqualify a judge from later trying the case. Mr. Brown then stated that the pocket part of the case file contained the notes of Judge Joseph Licari, Jr. from a pretrial settlement conference and that reading these notes would prejudice the trial court. The undersigned had not read the notes and, having been advised of Attorney Brown's concerns, told him they would not be read. They CT Page 11995 were not.
The trial management conference then proceeded to other topics, and it appeared that the issue of disqualification had been abandoned. No party made a motion, oral or written, for recusal when the court convened on the record. Instead, all parties proceeded with jury selection and through four days of evidence. After several evidentiary rulings went against him, Mr. O'Shea's counsel made a motion for mistrial, filing a written motion in which he inexplicably set forth the material to which he objected in Judge Licari's notes, which this court had not read and which Attorney Brown had suggested should not be read by the trial judge. This court, having no bias or predisposition as to the merits of the plaintiffs' claims, ruled that no reason for recusal existed.
The court was startled when Mr. Brown stated that the discussion at the pretrial conference had included an actual motion for disqualification, since the court had not been aware of any such motion and since none had been made on the record after the conference. The court was under the impression that the plaintiffs had concluded that they lacked grounds, since no motion to disqualify was made during jury selection or, indeed, until well into the trial, following some evidentiary rulings adverse to the plaintiffs. A litigant must raise the issue of disqualification in a timely manner, Pavel v. Pavel, 4 Conn. App. 575,576 n. 2 (1985), and may not reserve the claim.
The movants have implied that a judge must recuse herself whenever a party so requests, to avoid criticism by the litigants. Canon 3 of the Code of Judicial Conduct, however, provides that a judge "should be unswayed by partisan interests, public clamor, or fear of criticism," and it has been held that it is a violation of the canons for a judge to fail to conduct a trial when there is no actual reason for disqualification. See,e.g., Suson v. Zenith Radio Corp., 763 F.2d 304, 308 n. 2 (7th Cir. 1985); Manis v. State, 659 S.W.2d 337 (1983); Ham v.Superior Court, 566 P.2d 420 (1977).
Moreover, the court has a responsibility to ensure the orderly progress of a trial. LoSacco v. Young, 20 Conn. App. 6,. 11-12 (1989); State v. Boone, 15 Conn. App. 34, 48 (1988).
Neither of the grounds for recusal belatedly raised by the movants identifies a situation in which a reasonable person, CT Page 11996 knowing all the circumstances, would question the judge's impartiality in conducting a jury trial. Papa v. New HavenFederation of Teachers, 186 Conn. 725 (1982).
2) Pendency of motion to open underlying judgment
The movants also claim that this court should not have proceeded with the trial because of the pendency of a related motion in another judicial district.
Trial of this case, which was commenced in 1990, was originally scheduled for July 1995. At that time, the parties apparently advised the presiding civil judge that the present defendants had filed a motion to set aside the judgment in the plaintiffs' favor which gave rise to their claim of vexatious suit. When the parties had still not completed the presentation of that motion in the Fairfield Judicial District in late August, the presiding civil judge, Judge Licari, determined that the trial should proceed in New Haven. The plaintiffs had in fact prevailed in the suit they claimed was vexatious, and the failure of the defendants to complete in timely fashion the hearing by which they sought to set that outcome aside was apparently not viewed as a reason to leave this five-year-old case in limbo indefinitely.
The plaintiffs now complain that they will be deprived of a record because the same exhibits have been received in evidence in this case and in the motion pending in Bridgeport. This court carefully explained on the record the steps which the clerk's office was being instructed to take in order to preserve the record in both cases. The movants' present concerns are unwarranted.
3) Claimed preclusive effect of Bridgeport proceedings
The plaintiffs assert that the defendants should have been barred from presenting into evidence certain documents that the defendants claimed had been withheld from them in discovery in the case they had brought against the present plaintiffs. This court determined that the disclosure or nondisclosure of those items was not an issue in this case, but that the documents could be introduced in this case if they were shown to be relevant and if they satisfied the usual standards for admissibility. The documents at issue became relevant as prior inconsistent statements and admissible as to credibility when plaintiff O'Shea CT Page 11997 denied having had a desire to remove defendant Dean from the small company of which both were directors, officers and shareholders.
4) Remaining issues
The other grounds raised in the motion to set aside the verdict contain a number of statements that do not accord with the law or with the court's recollection of the trial, and they do not identify valid reasons to set aside the jury's determination.
The motions of H. Clifford O'Shea, Jr. and R. William Bohonnon, Jr. to set aside the jury's verdict are denied.
The court has issued a separate memorandum of decision as to the defendants' post-verdict motion.
Beverly J. Hodgson Judge of the Superior Court